John Columbus, Appellee, v. Joseph Kaminsky, Appellant.

Gen. No. 44,334.

210

Opinion filed June 21, 1948.   Released for publication September 9, 1948.

GEORGE A. GORDON, of Chicago, for appellant.

THOMAS A. MATTHEWS and JOHN J. KALETH, both of Chicago, for appellee.

MR. JUSTICE SULLIVAN delivered the opinion of the court.

This action in forcible detainer was brought by plaintiff, John Columbus, to recover possession of a store at 654–6 North Milwaukee avenue, Chicago, Illinois, from the defendant, Joseph Kaminsky.  The case was tried by the court without a jury.  Judgment

for possession was entered in favor of plaintiff and defendant appeals.

Counsel for plaintiff made an opening statement in which he asserted in substance that Columbus, having purchased the property and having served a 30-day notice on defendant demanding possession of the store in question, was entitled to the possession thereof.

One of the attorneys for the defendant then made an opening statement in which he asserted in effect that Kaminsky took possession of the store in 1941 and remained in possession thereof, paying rent, until the middle of 1946, when he entered into a written contract with Michael Palese, the prior owner of the premises, in which the latter agreed to sell the property to him for $6,000 and that plaintiff purchased the property subject to the contract to sell held by defendant.

It was either admitted upon the trial or shown by plaintiff's undisputed evidence that on May 12, 1947, Michael Palese conveyed the property in question by warranty deed to plaintiff and his wife; that defendant was in possession of the store involved herein at the time plaintiff purchased the property, having taken possession of said store in 1941 as a tenant of Palese; that defendant refused to pay plaintiff any rent after the latter purchased the property and that on June 28, 1947, plaintiff served a thirty-day notice on defendant that his tenancy of the store would terminate on August 1, 1947 and that he would be required to surrender possession of the premises on said date.

After plaintiff had presented his evidence the following occurred: "The Court: Plaintiff rests. Plaintiff here rested his case. Mr. Gordon: The defendant moves at this time for a finding of not guilty on the ground that plaintiff has not made out a prima facie case. The Court: Motion is denied. Proceed with the defense. Mr. Gordon: We will not offer any further defense your Honor."

This action was brought under section 2 of the Forcibel Entry and Detainer Act (par. 2, ch. 57, Ill. Rev. Stat. 1947 [Jones Ill. Stats. Ann. 109.254]), the pertinent portions of which are as follows:

"The person entitled to the possession of lands or tenements may be restored thereto in the manner hereafter provided:

"  . . .

"Second, When a peaceable entry is made and the possession unlawfully withheld.

"  . . .

"Fourth, When any lessee of the lands or tenements, or any person holding under him, holds possession without right after the determination of the lease or tenancy by its own limitation, condition or terms, or by notice to quit or otherwise.

"  . . .

"Fifth, When a vendee having obtained possession under a written or verbal agreement to purchase lands or tenements, and having failed to comply with his agreement, withholds possession thereof, after demand in writing by the person entitled to such possession."

Defendant contends that "plaintiff did not prove a prima facie case." There is no merit in this contention. Since defendant's sole defense was that he was a vendee in possession under a valid written contract to purchase the property from Palese, the prior owner, and such contract was not offered in evidence or its existence admitted, plaintiff had a clear right, in our opinion, to the possession of the store under either clause 2 or clause 4 of section 2 of the aforesaid Act.

Defendant urges that plaintiff presented no evidence that defendant occupied the store as a tenant. His counsel admitted in his opening statement that defendant paid rent as a tenant from 1941 to the middle of 1946 and in the absence of any evidence to the con-

trary, it will be presumed that his tenancy continued until plaintiff purchased the property. There can be no question but that when defendant refused to pay plaintiff rent for the store, the latter had the right to terminate his tenancy.

■ Notwithstanding that defendant's purported contract to purchase the property is not contained in the record, his counsel argue this case in his brief as if it were and insist that "the burden of proof was on plaintiff to show that defendant was in default under such contract." If defendant had presented in evidence a valid contract for the purchase of the premises in question by him or if the record disclosed an admission by plaintiff of the existence of such a contract, the burden would have been on plaintiff to show that defendant had failed to comply with its terms, before he could recover possession under clause 5 of section 2 of the Forcible Entry and Detainer Act. However, in the absence of proof of the purported contract and there having been no admission by plaintiff of its existence, it is preposterous to argue that it was incumbent upon plaintiff to show that defendant failed to comply with the terms of a contract that, so far as the record discloses, was non-existent.

We are impelled to hold that plaintiff not only made out a prima facie case but that the evidence showed conclusively that he was entitled to the possession of the store involved herein and that defendant unlawfully withheld possession thereof from him.

It is also contended that "the defendant did not have a fair and impartial trial." The major portion of defendant's brief is devoted to a discussion of this contention. After the opening statements were made and before any evidence was introduced, the trial judge proceeded to discuss principles of law and matters of procedure suggested by plaintiff's counsel, which had no application to the comparatively simple issues in this case. A lengthy colloquy ensued between the

court and counsel for the parties, at the conclusion of which evidence was introduced by plaintiff and defendant was afforded an opportunity to present any evidence he desired to introduce. As already shown, no evidence was offered by defendant. During the course of the aforesaid colloquy, it was insisted and reiterated by defendant's counsel that Kaminsky entered into a written contract with Palese whereby the latter agreed to sell him the property for $6,000. When the trial judge asked to see the contract, counsel stated that it would be produced within an hour. However, as has been seen, it was not produced at all or presented in evidence.

If there was a written contract for the sale of the property to defendant by Palese in existence at the time plaintiff purchased the property and defendant had not defaulted under such contract, it certainly would have been offered in evidence in behalf of Kaminsky, because it would have afforded him a complete defense to plaintiff's action.

Defendant's failure to offer in evidence his purported contract for the purchase of the property compels the conclusion that there never was such a contract or, if there was, that it showed on its face that Kaminsky had failed to comply with its terms.

While we do not approve of the manner in which this case was tried, neither do we approve of the conduct of defendant's counsel in representing to the trial judge that Kaminsky had entered into a contract for the purchase of the property and then failing to produce such contract in evidence as they repeatedly promised to do.

Since the judgment appealed from was proper, it must be affirmed, even though the trial court may have expressed some unsound reasons for its entry.

The judgment of the municipal court of Chicago is affirmed.

*Judgment affirmed.*

FRIEND, P. J., and SCANLAN, J., concur.