Maxine Langfelder Chapman, and Archibald Chapman, Plaintiffs-Appellants, v. Northern Trust Company, and Arthur Wolf, individually and as Trustees under the Will of Samuel Rothschild, deceased, Sarah Rothschild, and Freda Baer Goldsmith, Defendants-Appellees.

Gen. No. 46,997.

First District, Third Division.

April 17, 1957.

Released for publication May 8, 1957.

387

 
 

Philip R. Toomin, of Chicago, for appellants.

Sidney J. Wolfe, of Chicago, for appellee, Arthur Wolf; Ratner, Miller & Levenson, of Chicago, for appellee, Northern Trust Company.

JUDGE KILEY delivered the opinion of the court.

This is a chancery action seeking construction of a testamentary trust, and discovery from, and removal of, the trustees. The chancellor on defendants' motion struck the amended complaint, plaintiffs elected to stand by the pleading, and the suit was dismissed. Plaintiffs have appealed.

██ The motion to strike admits the well-pleaded allegations among which are those now set out as pertinent to our decision.

Samuel Rothschild died testate September 1, 1944, devising all of his real estate to the Northern Trust Co. and Arthur Wolf, defendant trustees. Under the terms of the trust the net income from the realty is payable quarterly, one third to Sarah Rothschild, one third to Maxine Chapman, and one third to Freda Baer Goldsmith. Sarah Rothschild is testator's sister, and Freda Goldsmith and Maxine Chapman are cousins of his wife who predeceased him. If either Sarah Rothschild or Freda Goldsmith died before the trust terminated, the share which would have been paid such decedent is to be paid equally to the surviving beneficiaries. Maxine Chapman's son Archibald is named as contingent beneficiary of her share of the income. The latter

388

are the plaintiffs and they joined Sarah Rothschild and Freda Goldsmith as defendants with the trustees.

The provision of the trust vital to this suit is:

"(d) I desire my Trustees to hold all real estate . . . at least until the death of . . . Sarah Rothschild, unless the sale of all or any part of such real estate shall, in their sole discretion, be deemed by them to be advantageous to my sister, Sarah, having in mind the best interests of . . . Sarah, as a life tenant under the will of my deceased brother, Charles Rothschild, and otherwise."

The trust is to terminate twenty-one years after the death of Sarah Rothschild, unless terminated earlier by the sale of all the trust real estate. The corpus, proceeds of sales, and accumulated income on termination is to be distributed to the income beneficiaries according to the same proportions and contingencies as the income.

The trustees in August 1945 made a sale of a part of the trust property at 6454 Ellis Avenue, Chicago. The following October plaintiffs sued in the Superior Court asking for a construction of trust paragraph "(d)" set forth above, and claiming that the trustees' discretion of sale was not absolute, but was to be exercised in the light of Sarah Rothschild's interests under the will of her deceased brother Charles, and that this exercise presupposed a consideration by the trustees of "basic facts" of which plaintiffs were entitled to be informed. That suit was dismissed by agreement "upon the basis" of a letter from the trustees dated March 18, 1946.

This letter stated that though the trustees were advised that neither the law nor the trust required them to do so,

"we hereby agree that, in the event we decide to sell any additional parcel or parcels of real estate . . .

389

we will notify you of such decision . . . by letter . . . at least seven days prior to the execution of any contract for the sale of any such trust real estate or the sale thereof, if no contract is executed."

In March of 1947 the trustees gave notice to plaintiffs, in accordance with their letter of March 18, 1946, of their "intention" to sell trust properties located at 6153–59 S. Kenwood Avenue, and 1350–54 E. 62nd Street, Chicago, Illinois. Plaintiffs requested information of "basic facts" on which the intention was based, the trustees consulted a real estate analyst, reconsidered their intention and decided against selling. Again in April 1948 trustees notified plaintiffs of an "intended sale" of vacant trust property, setting forth the "basic facts" upon which the decision rested. Plaintiffs made no objection and the sale was made.

On September 20, 1955 the trustees wrote plaintiffs "in accordance with our letter . . . March 18, 1946, for the purpose of notifying you that we have decided to sell . . . ." the Kenwood and 62nd Street properties. Plaintiffs requested a conference and in writing asked for the "basic facts." Defendants denied the request and plaintiffs sued.

The controversy arises from the application of paragraph "(d)" to the Kenwood and 62nd Street trust properties. The chancellor sustained the motion of the trustees and Sarah Rothschild and dismissed the suit. The question is whether the complaint is sufficient to show plaintiffs were entitled to discovery of the "basic facts" sought.

 The rule, that the amended complaint should be construed most strongly against plaintiffs, applies primarily to ambiguities and inconsistencies, Church v. Adler, 350 Ill. App. 471, and prevents drawing "inferences or conclusions" in favor of plaintiffs, Klein v. Chicago Title & Trust Co., 295 Ill. App. 208, 216, but it does not prevent giving plaintiffs the benefit of

"reasonable intendments," Doner v. Phoenix Joint Stock Land Bank, 381 Ill. 106. The pertinent definition given by Webster for intendments is "3 . . . the true meaning, understanding or intention of . . . any legal instrument . . . ." The Supreme Court statement in the Doner case is another way of saying that "The presumption against the pleader does not require that the words of the pleading should be wrested to disregard the obvious meaning of the language used." Toledo, Peoria & Western R. R. v. Brown, 375 Ill. 438, 450.

■ Plaintiffs contend that their pleading sufficiently states a cause of action under the general law of trusts applied to paragraph "(d)" of the trust, as well as under the agreement of March 18, 1946. We need not consider the question whether the trustees were obliged to divulge information to plaintiffs as a matter of law, since our decision rests upon the letter of March 18th, 1946. There is no merit in the contention that defendants "could not, by agreement or otherwise, restrict, enlarge, or modify" their trust powers. No authority is cited by them to support their position that the letter of March 18, 1946 was an unlawful restriction, enlargement, or modification of their trust powers. The power was that of sale with their "sole discretion" limited in the interests of Sarah Rothschild. We shall assume but not decide that it was within the scope of the power of the trustees to determine whether and to what extent the beneficiaries would be consulted with respect to a sale. Under this assumption any such determination would be merely a detail, not affecting the scope of the power granted. We think that the March 18th letter bound defendants, and that the requirement of punctilious behavior on the part of the trustees imposed the burden of good faith in fulfilment of their promise. This is especially so since the letter was, according to the complaint, supported by

consideration, namely the dismissal of plaintiffs' suit in 1945.

We are unable to see how, once a determination to consult plaintiffs was made, the consequences could in any way violate the trustee's obligation to, nor in any way interfere with a loyal trust relationship with, Sarah Rothschild. The letter did not commit defendants to acceptance of any views of plaintiffs which were not of help or of use. We assume that if plaintiffs' views were helpful or useful in the administration of the trust, defendants would be glad to consider these views and to change a decision already made, if the views indicated that the best interests of the trust and Sarah Rothschild required the change.

Defendants argue that there is no showing in the complaint that they did not fully comply with whatever burden they assumed in the March 18th letter. They claim their only obligation was to notify plaintiffs of any decision to sell additional trust real estate, by letter mailed at least seven days before "the execution of any contract for the sale . . . or the sale thereof, if no contract is executed."

We agree with plaintiffs that the intention of the parties in providing the seven day period in the March 18th letter must have been to give plaintiffs time, before defendants bound themselves, in which to learn the basis for their decision to sell so that plaintiffs might if they saw fit, present arguments, to prevent the proposed sale. This construction was placed on the letter by the trustees on two previous occasions in 1947 and 1948 and on one occasion they were persuaded to change their minds. The trustees, before giving plaintiffs notice, executed their deed of the premises in controversy on September 13, 1955, the grantees executed a deed in trust September 14th, and the trustees executed a mortgage September 15th—and accordingly were guilty of breach of their obliga-

tion. Plaintiffs upon receiving notice sought information about the "decision" and sought a conference, but were put off from time to time until September 29th, when they were informed the property had been disposed of and no useful purpose would be served by giving the information sought.

■ The trustees finally claim the complaint did not sufficiently charge that they made "binding arrangements" to sell before the expiration of the seven day period. We think that the complaint is sufficient to show *prima facie* that the sale had been made. The burden is upon defendants to answer with facts showing that there had not been "binding arrangements" to dispose of the Kenwood Avenue and 62nd Street properties.

We conclude therefore for the several reasons given that the chancellor erred in dismissing the amended complaint and the order of dismissal is reversed and the cause remanded for further proceedings.

Reversed and remanded.

FEINBERG, P. J., concurs.

LEWE, J., took no part.