## 39430. PIG'N WHISTLE, INC. v. MARSHALL.

BELL, Judge. This case comes to us on exception taken to the denial by the trial judge of the defendant's motion for a judgment notwithstanding the verdict. The question presented is whether the evidence authorized the jury to find that the defendant was justly chargeable with one or more of the particulars of negligence alleged. We are not concerned here with the sufficiency of the petition's specifications of negligence as the law of the case doctrine applies as to them and they must be accepted as being adequate.

The defendant demurred generally to the petition and after each amendment renewed its general demurrer. The renewed demurrers were all overruled. No exception was taken to these rulings. It now has become the law of the case that the petition states a good cause of action, and if the plaintiff proves his allegations, he is entitled to recover. *Voyles v. Lee,* 204 Ga. 282 (49 SE2d 529). Under the rule it is not necessary to prove every allegation literally but a substantial proof is sufficient. *Pierpont Mfg. Co. v. Mayor &c. of Savannah,* 153 Ga. 455, 457 (112 SE 462).

In weighing the evidence upon a motion for judgment not-

withstanding the verdict, the court is to construe it in the manner most favorable to the upholding of the verdict and judgment. *Echols v. Thompson,* 211 Ga. 299 (85 SE2d 423).

In one specification of negligence the petition alleges in essence that the defendant maintained the floor of the area where the plaintiff's wife slipped by the use of wax compounds and polishes, to such an extent that it was slippery, providing unsafe and unsure footing for patrons of the defendant. The plaintiff's wife testified in a manner sufficient to justify the jury in finding that this charge was so and that she was unable to maintain her footing on the slippery floor. Under the evidence, the jury could have found that the floor was not in such condition as an ordinarily diligent person would keep it.

The plaintiff's witness proved the injuries proximately resulted from the defendant's alleged negligence.

There being some evidence to support the verdict and judgment, the trial court properly overruled the motion for judgment notwithstanding the verdict.

*Judgment affirmed. Felton C. J., and Hall, J., concur.*

Decided June 22, 1962.

*Nall, Miller, Cadenhead & Dennis, David Kahn, James W. Dorsey,* for plaintiff in error.

*Troutman, Sams, Schroder & Lockerman, T. M. Smith, Jr., Robert L. Pennington,* contra.