## Lawrence Haney, Plaintiff-Appellant, v. Lenore Haney, Defendant-Appellee.

### Gen. No. 48,566.

First District, Third Division.
September 19, 1962.

James E. Manning, of Chicago (James C. Murray, of counsel), for appellant.

Breen, Rosenberg & Brumlik, of Chicago, for appellee.

MR. PRESIDING JUSTICE DEMPSEY delivered the opinion of the court.

In this divorce case the plaintiff, Lawrence Haney, on April 25, 1958, presented a petition to the City Court of Blue Island for a waiver of what was commonly called the "60-day cooling off period." (Ill Rev Stats, 1957, c 40, § 7b.) The waiver was allowed and his complaint for divorce was filed immediately thereafter. The complaint alleged desertion. On the same day the defendant, Lenore Haney, filed her appearance and an answer which admitted the allegations of the complaint. A stipulation was also filed

on April 25th. It provided for payment of $6,000 to the defendant, for her to have custody of their seven year old son, for child support payments and for the disposition of real estate and household furnishings.

A decree of divorce, incorporating the terms of the stipulation, was granted on May 9, 1958.

Almost three years later, April 13, 1961, the defendant petitioned to vacate the decree. The petition alleged that: (1) the "cooling off period" was incorrectly waived because her husband's petition requesting the waiver was neither verified nor supported by an affidavit as required by the statute; (2) the decree was improperly granted within 60 days from the day her appearance was entered because, contrary to statute, no petition or affidavit had been presented to the court setting forth grounds warranting such quick action; (3) the divorce was obtained by fraud in that she had not deserted her husband as charged in his complaint but had, in fact, lived and cohabited with him until April 6, 1958; (4) a few days before his complaint was filed he persuaded her to go to California and on April 6th he drove her to the station and placed her on a train; (5) the attorney who entered her appearance was unauthorized to do so, did not represent her and was an associate of her husband's attorney; (6) she was not served with summons and never agreed to have the case heard as a default; (7) her signatures on the answer and stipulation were secured through the false representations of her husband that the papers pertained to a real estate transaction and were signed before the divorce suit was filed.

The plaintiff moved to strike the petition. His motion was denied, the decree was vacated, and $750 was awarded to the defendant for attorney fees. He appeals from these three orders.

His motion to strike was in peculiar form. It was both a motion and an answer. It challenged the legal

sufficiency of the petition, asserted it was barred by laches, estoppel and the "want of clean hands"; it denied some but not all of the defendant's charges of fraud and it set out factual allegations of its own. The pleading was treated as a motion to strike by the plaintiff, the defendant and the court. When the motion was denied the plaintiff answered the petition; later he withdrew his answer and elected to stand on his motion.

■ ■ The motion to strike alleged that the petition for waiver was verified. This allegation was supported by an affidavit of the attorney who had filed the petition, who stated that when it was filed in court it consisted not of one but of two pages, the second of which was the required affidavit. Some evidence was heard on this subject and the court found as a matter of fact that the petition for waiver was not verified. The court then found as a matter of law that the divorce decree was void because it was granted within the prohibited 60-day period following the filing of the praecipe. The issue of the court's jurisdiction to proceed with the divorce case and to grant a decree, when the waiver petition was not supported by affidavit, was the only one argued in the trial court, was the only one decided there and, with the exception of the question of fees, is the only one presented by the briefs to this court.

It is unnecessary for us to discuss the many contentions argued in the briefs on this subject because the issue has been decided recently by the Supreme Court. In Smothers v. Smothers, 25 Ill2d 86, 182 NE2d 758, a case directly in point and completely dispositive of this issue, the court said:

"The contention with respect to the impropriety of waiving the 60-day cooling off period must also be rejected. Upon motion made prior to filing of the complaint the court granted the plain-

219

tiff leave to file the complaint instanter and ordered a writ of injunction to issue restraining defendant from molesting her. Defendant insists that the order waiving the waiting requirement was beyond the power of the court because the motion was not supported by the requisite affidavit, and that the court had no jurisdiction to enter the subsequent decree. Since the suit was brought the statute has been amended so as to eliminate the requirement upon which defendant relies. Section 6c provides that the amendments 'shall take effect September 1, 1961 and shall apply to and govern the practice and proceedings in all cases then pending.' (Ill Rev Stats 1961, chap 40, par 7e.) The error, if any, has been cured and can provide no basis for reversal."

The opinion does not give the dates of the waiver and of the decree, but an examination of the record shows that the waiver of the "cooling off period" was allowed on April 28, 1961, and the divorce decree was granted on July 10, 1961. The Smothers case, like this one, was ended before September 1, 1961, the effective date of the validating statute. The Supreme Court's interpretation of the statute, including the words "in all cases then pending," as applying to decrees finalized before September 1, 1961, embraces the present case. By the 1961 amendments to the divorce act (Ill Rev Stats 1961, c 40, §§ 7e and 7f) the General Assembly has validated many divorce decrees which were entered during the pendency of the "cooling off" law and which might have violated provisions of that law. The Smothers opinion is another step in the same direction. Difficulties brought about by that law have troubled the bar and the bench as well. It is salutary to have these problems come to rest.

■ However, there is another issue in this case with which we are concerned. In concentrating upon the court's jurisdiction over the case, everyone overlooked the question of the court's jurisdiction over the parties. This had been put in issue by the defendant's petition to vacate the decree, which was brought under section 72 of the practice act. Ill Rev Stats (1959), c 110, § 72(7). The issue remains untried but it does not remain unconcluded, for the plaintiff's motion to strike admitted all the well pleaded facts in the petition. Field v. Oberwortmann, 14 Ill App2d 218, 144 NE2d 637; Chapman v. Northern Trust Co., 13 Ill App2d 386, 141 NE2d 744; Swift v. Dollahan, 2 Ill App2d 574, 120 NE2d 249. Therefore, the defendant's charges that she did not enter her appearance or consent to have the case heard, that she was not served with summons, that her signatures on her answer and the stipulation were obtained by fraud and that the charge of desertion was false, stand admitted. If, on the other hand, we were to treat the plaintiff's pleading as an answer instead of a motion to strike, which the plaintiff himself did not do, all but one of these charges would still stand admitted by the failure to deny them. Ill Rev Stats (1959), c 110, § 40(2); Riddle v. La Salle Nat. Bank, 34 Ill App2d 116, 180 NE2d 719. (The only charge which was controverted was that concerning the signatures on the answer and stipulation. The plaintiff asserted that the defendant had knowledge of the contents of these two documents.) Thus, under the present posture of the case, the decree would have to be considered void.

■ Because of this, because a void decree can be attacked at any time, because this is a divorce case in which the child of the parties and the present wife of the plaintiff have an interest, because of the possibility of other children and spouses, because of

221

questionable property rights and subsequent disputes, this court, sua sponte during oral argument, called the attorneys' attention to the state of the record and asked for additional briefs.

The plaintiff responded by contending that this court is bound by the theory upon which the case was tried in the trial court. Blanchard v. Lewis, 414 Ill 515, 112 NE2d 167, is relied upon and is said to be "on all fours" with the present one. In the Blanchard case there was a judgment for the defendant. The Appellate Court reversed the judgment for reasons not argued in either the trial or Appellate Court. The Supreme Court, after iterating the rule that the parties to an action cannot try a case on one theory in a trial court and on another in a court of review, said: "We believe it logically follows that the reviewing court is, itself, subject to the same limitation." An examination of the Blanchard opinion reveals that in arriving at its decision the Appellate Court went beyond the record and advanced a theory not put in issue by the pleadings and not presented to the trial court. In this very material respect the Blanchard case differs from the one at hand. Three other cases cited by the plaintiff are not in point.

The judgment of the trial court may be affirmed for any reason appearing in the record even if it is not the same reason upon which the trial court based its ruling. It is the judgment which is under review and not the court's reasons for entering it. Carnes v. Carnes, 333 Ill App 316, 77 NE 2d 341; Columbus v. Kaminsky, 335 Ill App 209, 81 NE2d 2; Harrison v. Kamp, 395 Ill 11, 69 NE2d 261. A court of review will search the record to affirm but need not do so to reverse. McGovern v. City of Chicago, 202 Ill App 139; Richman Chemical Co. v. Lowenthal, 16 Ill App2d 568, 149 NE2d 351.

The trial court's order vacating the decree could have been based on the allegations of fraud in the defendant's motion which presently stand admitted in the record. Because of this, the order of the court could be affirmed.

 But the same considerations which prompted us to call attention to the trial court's jurisdiction over the defendant and to the charge of fraud now prompt us to remand the case so that the parties may be heard on these issues if they so wish. Furthermore, the State is an interested party in every divorce proceeding. If fraud was practiced upon the court it is well to have that serious charge established by evidence rather than by some error of pleading. On the other hand, courts are interested in the finality of their decrees, and the defendant's long delay in bringing her charges, whether she had knowledge of the proceedings and whether she accepted substantial benefits under the decree are subjects of interest.

Both plaintiff and defendant indicate that they would have liked to have had a hearing on all issues but that there was no opportunity to do so. In their supplemental briefs they insist that they did not press for a determination of all issues because they were limited by the trial court's declarations that the only point it was concerned with was whether or not it had jurisdiction to permit the filing of the petition and complaint under the "cooling off" provisions of the divorce act. The plaintiff states that this is the reason he withdrew his answer. The defendant states that because of this it was useless for her to attempt to get a full hearing on the pleadings. It is hard to understand how the court's preoccupation with but one issue could have precluded a hearing on others if the parties had made appropriate motions. But if it did, the mistake should be rectified.

223

It would be unfortunate to all parties and unfair to interested third parties to leave the case in its present position. It will therefore be remanded with directions to permit the plaintiff to plead over if he so desires, to conduct a hearing on the issues formulated if he does deny the defendant's allegations, or to enter an order based on those allegations if they are not denied or remain admitted. Ill Rev Stats (1959), c 110, § 92(1)(e); City of Aurora ex rel. Egan v. Y. M. C. A., 9 Ill2d 286, 137 NE2d 347; White v. White, 28 Ill App2d 19, 169 NE2d 839; Jones v. Jones, 26 Ill App2d 484, 168 NE2d 783.

Reversed and remanded with directions.

SCHWARTZ and McCORMICK, JJ., concur.