## 42023.   ROCKMART BANK v. HALL.

Argued May 2, 1966—Decided September 14, 1966.

*Matthews, Maddox, Walton & Smith, Oscar M. Smith,* for appellant.

*Edwards & Ragsdale, Howe & Murphy, D. B. Howe, Constance M. West,* for appellee.

Frankum, Judge.   This is another case involving a claim for damages for personal injuries on account of a fall sustained by the plaintiff-invitee on an allegedly slippery floor in the defendant's place of business.   Under the allegations of the petition the plaintiff clearly occupied the status of an invitee, and the question raised by the contention of the defendant respecting the overruling of its general demurrer to the plaintiff's petition

may be narrowed to the plain and simple one of whether the petition was sufficient to show negligence on the part of the defendant in the maintenance of the floor in its public banking room at the time and place in question, and if so, whether the petition also shows a failure on the part of the plaintiff to exercise ordinary care for her own safety such as would bar her recovery, notwithstanding the negligence of the defendant.

The facts alleged in the petition are these: That on February 1, 1963, the plaintiff was in the defendant's place of business, standing in the lobby in a line and waiting her turn to transact business with the defendant. At said time and place there were a great many other customers of the defendant also standing in the lobby of the bank waiting their turn to transact their business with the defendant. The floor of the lobby of the banking house was constructed of a hard material which was unusually, unnecessarily, and dangerously highly polished, slick, slippery, and was wet with water. This condition had existed for more than two hours before plaintiff entered the bank. The presence of the water on the floor increased the slick and slippery condition of the floor, and defendant knew that this was so. Plaintiff did not know of the hazardous condition because she had been in the bank on numerous previous occasions, on at least ten of which it had been raining and rain water had been tracked into the lobby of the defendant's banking house, and she had never slipped before. On this occasion, due to the fact that plaintiff was standing in a line with other patrons of the bank before and behind her, her vision of the floor was obscured so that she could not ascertain the condition of the floor, a condition which could not be observed at a distance greater than two or three feet, and there being no warning, the plaintiff did not fully appreciate the risk involved in using the area where she fell.

The defendant filed general and special demurrers to the petition as finally amended, the trial court overruled those demurrers, and the error enumerated here is that judgment.

■ A mere cursory examination of the numerous cases which this court has decided in the last fifteen or twenty years leads the reader inevitably to hopeless confusion as to the true rule

to be applied in determining what particular facts must be alleged to permit an injured plaintiff to have her case submitted to a jury in a suit against the owner or occupant of the premises whereon the injury was sustained as the result of slipping and falling on a slippery floor. As has been frequently said in other contexts, each case virtually must stand or fall upon its own peculiar facts, and any attempt to draw fine distinctions based on supposed factual differences must almost inevitably fail. In the final analysis, therefore, resort must be had to fundamental principles, and the courts, in determining whether the plaintiff has a cause of action against the defendant, must decide whether the allegations of the petition show the violation of a duty owing to the plaintiff by the defendant and a causal connection between the violation of such duty and the plaintiff's injuries. *Clarke County School Dist. v. Madden,* 99 Ga. App. 670, 673 (1) (110 SE2d 47). As was said in that case, the test as to whether a petition can withstand a general demurrer is, can the defendant admit all of the properly pleaded allegations therein and still escape liability. *Harvey v. Zell,* 87 Ga. App. 280, 284 (73 SE2d 605). Other well recognized and oft-repeated principles, also pertinent for the consideration of the court in determining the proper solution of cases such as this, are: that ordinarily questions of negligence and proximate cause and of contributory negligence and of whose negligence or what negligence, if any, was the proximate cause of the plaintiff's injuries, should, except in plain, palpable and indisputable cases, be left for the determination of a jury, and the courts therefore should decline to decide such questions on general demurrer unless it can be said that reasonable men could not differ as to the appropriate solution of the problem. *Long Constr. Co. v. Ryals,* 102 Ga. App. 66 (1) (115 SE2d 726), and citations.

The petition in this case alleges that the defendant maintained the floor in its banking house in a slick and slippery condition in violation of the requirements of ordinary care; that this slick and slippery condition was increased or enhanced by the presence of water on the floor; and that water had been on the floor for more than two hours and that the defendant knew of this condition for more than two hours before plaintiff fell, or should

have known of the same by the exercise of ordinary care. Under well recognized principles of construction this amounts to no more than an allegation that the defendant had constructive knowledge of the slick and slippery condition of the floor and of the presence of water thereon and of the fact that the presence of water on the floor increased its slippery condition. "Under the allegations of the petition, the plaintiff was on the premises of the defendant as an invited guest, and the defendant owed her the duty of exercising toward her ordinary care and diligence to secure her safety. *Mandeville Mills v. Dale,* 2 Ga. App. 607 (58 SE 1060)); Civil Code § 3824 [now *Code* § 105-401]; *Rollestone v. Cassirer,* 3 Ga. App. 161 (59 SE 442)." *Pacetti v. Central of Ga. R. Co.,* 6 Ga. App. 97, 100 (1) (64 SE 302). Where the defendant owes to the plaintiff a duty to exercise care to avoid injuring him, he will be charged with constructive knowledge of the existence of a defect or of a defective condition existing on premises within his control which proximately causes the plaintiff's injuries. *Shannon v. Bigelow-Sanford &c. Co.,* 96 Ga. App. 458, 461 (100 SE2d 478). Thus, the allegation of constructive knowledge on the part of the defendant was sufficient. This conclusion necessarily stems from the presumption of law that the owner of property is acquainted with the condition of his own property. *Nelson v. Central R. & Bkg. Co.,* 48 Ga. 152.

Applying the principles of law just stated we do not think it can be said in this case that the defendant can admit all the allegations of fact contained in the plaintiff's petition and escape liability. While reasonable men may disagree with the conclusion that the defendant's act of maintaining the floor of its banking room, into which the public was invited to come to transact business with the defendant, in a slick and slippery condition, constituted negligence, or that the defendant was negligent in permitting water to remain on such floor for more than two hours, it has been settled by previous decisions of this court that such acts may be found by a jury to constitute negligence. *Young Women's Christian Assn. v. Barnett,* 93 Ga. App. 322 (91 SE2d 381); *Pig'n Whistle, Inc. v. Marshall,* 106 Ga. App. 205, 206 (126 SE2d 487). We therefore conclude that the peti-

tion in this case sufficiently charges the defendant with actionable negligence in the violation of a duty owed to the plaintiff-invitee.

■ A more difficult question is presented with respect to whether the petition shows that the plaintiff was guilty of such negligence as to amount to the failure to exercise ordinary care for her own safety so as to be barred of a recovery in this case. As will be seen by a review of the cases, this is frequently the basis for decisions denying a recovery to the plaintiff. See for example, *Lebby v. Atlanta Realty Corp.*, 25 Ga. App. 369 (103 SE 433); *Ford v. S. A. Lynch Corp.*, 79 Ga. App. 481 (54 SE2d 320); *Hill v. Davison-Paxon Co.*, 80 Ga. App. 840 (57 SE2d 680); and the most recent case of *Gibson v. Consolidated Credit Corp.*, 110 Ga. App. 170 (138 SE2d 77). In the instant case the petition contains no allegation as to how the water on the floor of the defendant's banking house came to be there. If there is a distinction between this case and the *Gibson* case, the absence of allegations here as to the source of the water certainly justifies it. The decision in the *Gibson* case was largely based on the fact that it appeared from the petition that the plaintiff was bound to know that in rainy weather customers going in and out of a business establishment will tend to track in water or that water will accumulate on the floor by dripping off wet raincoats, umbrellas and the like. In this case there are no allegations that the water on the floor of the defendant's place of business was placed there in any such fashion, nor is there any allegation of fact which would authorize this court to construe the petition against the plaintiff to arrived at any such conclusion. The plaintiff alleges that the condition of the floor was not visible or could not be seen at a distance of more than two or three feet, and she alleges the reason for not observing the condition. Whether or not the alleged reasons are sufficient to excuse the plaintiff from any charge of contributory negligence would seem to be a question for the jury.

It follows from what we have said that the petition stated a cause of action as against a general demurrer, and the trial court did not err in overruling the general demurrer to the petition as finally amended.

■ The view which we take of the special demurrers attacking the various allegations of the amended petition is that most of the grounds thereof were not meritorious and were properly overruled. However, the allegations of paragraph 5 of the petition that the floor was "unusually," "unnecessarily," and "dangerously" highly polished, slick and slippery, and the allegations that the plaintiff slipped and fell on said "dangerous and unsafe floor" contained in paragraph 12-A of the petition as amended were allegations in nonspecific terms which were properly and timely attacked by the defendant's special demurrers, and since the use of such terminology in the petition might tend to lead the jury astray as to the proper standard of care with which the defendant was chargeable, the court should have required the plaintiff to delete these terms from her petition in view of the timely objection thereto raised by the defendant's demurrers. See *Atlantic C. L. R. Co. v. Royal*, 84 Ga. App. 247 (3) (65 SE2d 827), and *Orkin Exterm. Co. v. Wingate*, 84 Ga. App. 750, 753 (2) (67 SE2d 250).

The defendant by timely special demurrer attacked the allegations of paragraph 9 of the petition which alleged that the defendant was negligent in failing to have its premises in a safe condition for its patrons in violation of the requirements of ordinary care on the ground that they constituted an erroneous conclusion of law, in that the law of Georgia does not impose an absolute duty on the defendant to have its premises in a safe condition for its patrons but only requires the defendant to exercise ordinary care in keeping the premises safe. This ground of demurrer was meritorious, and the trial court erred in overruling it. *Code* § 105-401.

*Judgment affirmed in part; reversed in part. Felton, C. J., and Pannell, J., concur.*