46468, 46469.  HIGHTOWER v. CITY COUNCIL
OF AUGUSTA et al. (two cases).

WHITMAN, Judge. These appeals are from the grant of motions to dismiss the plaintiffs' complaints for failure to state claims for which relief may be granted.

Mr. C. F. Hightower's complaint (No. 46486) seeks to recover for alleged personal injury and damages allegedly caused by defendants' negligence. His wife's complaint (No. 46469) seeks to recover for an alleged loss of consortium.

Hightower alleges that the defendant City Council of Augusta, owns, operates and maintains the Bush Field Air Terminal as a proprietary function and leases space therein to various airline companies, including the defendant Delta Air Lines, Inc. It is alleged that the joint concurring acts of negligence of both defendants caused his injury.

Hightower's complaint shows that it had been raining and alleges that he went to the terminal to meet his wife who was arriving on one of the defendant airline's flights; that the defendant airline owned and maintained umbrellas and an umbrella rack for use by its customers in going to and from the terminal to arriving and departing flights during rainy weather; that said umbrella rack was maintained inside the door through which the passengers departed and arrived, and that he fell on the slick hard floor in a puddle of water which had been allowed to accumulate within a radius of several feet from the umbrella rack. In particular he alleges that the defendant airline was negligent as follows: "(1) In providing a receptacle for its umbrellas which allowed water to drain therefrom and onto the floor of said terminal; (2) In negligently maintaining its umbrella rack in such a position and location as to allow water to drain from the wet umbrellas through said rack and onto the floor of said terminal; (3) In failing to police and maintain the area where its umbrella rack was located and keep the floor of the terminal free and clear of water so as to prevent the same from constituting a hazard to patrons and customers within said terminal."

It is alleged that the City Council of Augusta provides janitorial

services in the operation and maintenance of the terminal and is under a duty to keep the floor of the premises safe, and further that it was negligent as follows: "(1) In failing to keep the water mopped from the floor of said terminal; (2) In failing to provide any mat or absorbent covering on the floor under said umbrella rack; (3) In allowing said umbrella rack to be placed near the flow of traffic within said terminal; (4) In maintaining the floor of said terminal in a slick, hazardous and unsafe condition; (5) In failing to provide adequate janitorial service to keep the slippery floor safe for passengers and customers within said terminal." *Held:*

1. A carrier owes a duty of ordinary care with respect to any member of the public entering upon the premises it owns or occupies for the purpose of doing business with the carrier, including persons coming to meet arriving passengers. *Delta Air Lines v. Millirons,* 87 Ga. App. 334, 341 (73 SE2d 420), and cits.; *Code* § 105-401. Thus, as to a person in Hightower's status it owes no higher or lesser duty in keeping the premises and approaches safe than other owners or occupiers of land owe to business visitors invited thereon.

As to the City Council of Augusta, it could be shown under the allegations of the complaint to have retained a qualified possession and general supervision of the premises and has invited persons of plaintiff's status to come on them. If so, it too would owe the plaintiff the same duty with respect to the premises and approaches. *Rothberg v. Bradley,* 85 Ga. App. 477 (1) (69 SE2d 293).

The plaintiffs' complaints, insofar as they allege that these two defendants were negligent and that such negligence caused them injury and damage, state claims for which relief may be granted.

2. The next question and the main subject of the briefs and arguments, is whether the plaintiffs have pled a state of facts which affirmatively show no liability. Under notice pleading "it is still possible for a litigant to plead himself out of court by revealing a state of facts which shows that there is no liability on the defendant." *Hodge v. Dixon,* 119 Ga. App. 397 (167 SE2d 377). Defendants point out that it is shown by Hightower's complaint

that his fall occurred at a time when it had been raining and rely heavily on the case of *Gibson v. Consolidated Credit Corp.*, 110 Ga. App. 170 (138 SE2d 77), and its progeny (e.g., *Angel v. Varsity, Inc.,* 113 Ga. App. 507 (148 SE2d 451)).

The *Gibson* case was decided under our old rules of pleading and practice whereunder on demurrer a petition was construed most strongly against the plaintiff. Under our present practice a complaint must be construed in the light most favorable to the plaintiff and with all doubts resolved in his favor even though unfavorable constructions are possible. "'Not unless the allegations of the complaint disclose with certainty that the plaintiff would not be entitled to relief under any state of provable facts should the complaint be dismissed.'" *Tri-City Sanitation v. Action Sanitation Service,* 227 Ga. 489, 490 (181 SE2d 377), and cits.

The plaintiff in *Gibson* slipped and fell at defendant's place of business in the entrance way where the floor was covered with a type of smooth tile which became slippery when wet. She alleged that it had been raining and was still drizzling when she went in; that an excess amount of water had accumulated on the floor as a result of dripping off the clothing of other customers; that the floor thereby became unusually slippery and dangerous; and that defendant knew or should have known of the condition and failed either to remove it or to place a mat on the floor, or to warn customers of its presence. The court observed that it is a matter of common knowledge that some water will be present at a place where shoppers are passing in and out during rainy weather; that since the plaintiff was charged with this knowledge, having entered during a drizzle, her petition stated no cause of action since the true ground of liability is the proprietor's superior knowledge of danger. The duty of the defendant under such circumstances, the opinion states, was to prevent exposure to an unreasonable risk of harm and that such duty did not require continuous mopping on a rainy day.

The *Gibson* case does not hold that proprietors may relax in their duty of ordinary care to keep the premises and approaches safe on a rainy day. Nor does any other case of which we are aware.

All subsequent cases citing *Gibson* have involved general demurrer or summary judgment situations. In construing Hightower's complaint in his favor, we do not find him foreclosed. He has merely shown that the incident occurred "at a time when it *had been* raining." What will the proof show? Was it still raining? Had it stopped and, if so, how long? Long enough for one to have expected the premises to be dry? While a customer is chargeable with knowledge that other customers will track in water during a rain and should expect to find a wet floor where they normally walk, is he chargeable with an unusual concentration of rain water facilitated by a procedure employed by the proprietor? We think not; we must assume a superior knowledge by the proprietor over business visitors when it comes to housekeeping practices. Does the source of a puddle make any difference? Yes. Cf. *Rockmart Bank v. Hall*, 114 Ga. App. 284, 288 (151 SE2d 232). The immediate source in the case sub judice is an allegedly deficient receptacle (also negligently located and attended) into which the defendants deposited umbrellas (which were provided for passenger use).

We do not find *from the complaints* that the defendants have affirmatively demonstrated a case of no liability. The trial court erred in granting the defendants' motions to dismiss.

*Judgments reversed. Hall, P. J., and Eberhardt, J., concur.*
ARGUED SEPTEMBER 17, 1971—DECIDED OCTOBER 5, 1971.

*Sanders, Hester, Holley, Ashmore & Boozer, Fred K. Harvey, Jr., Douglas Smith,* for appellants.

*Fulcher, Fulcher, Hagler, Harper & Reed, William C. Reed, Hull, Towill, Norman, Barrett & Johnson, Wyckliffe A. Knox, Jr., Carleton Vaughn,* for appellees.