JAMES J. CRONIN, Adm'r of the Estate of Clara Schmidt, Deceased, Plaintiff-Appellant, *v.* DELTA AIR LINES, INC. *et al.*, Defendants—(DELTA AIR LINES, INC., Appellee.)

(No. 57991;

First District (5th Division)—May 17, 1974.

*Rehearing denied June 18, 1974.*

John C. Ambrose and Philip J. Schmidt, both of Chicago, for appellant.

Peterson, Ross, Rall, Barber & Seidel, of Chicago (Irving G. Swenson and Arthur C. Perivolidis, of counsel), for appellee.

Mr. PRESIDING JUSTICE SULLIVAN delivered the opinion of the court:

This is an appeal from an order granting summary judgment in favor of defendant Delta Airlines (Delta). Clara Schmidt (plaintiff) filed a complaint seeking damages from Delta, the City of Chicago (City) and Otis Elevator Company (Otis) for injuries sustained in a fall on an escalator in the O'Hare International Airport terminal building. After the filing of her complaint, plaintiff died and an administrator was substituted.

Motions for summary judgment by Delta and the City were followed by a second amended complaint, which alleged that plaintiff deboarded a Delta plane and was using an escalator in the terminal area as the means provided for her to reach the baggage area, where Delta was to bring her luggage. It was further alleged that her fall resulted from the condition of the escalator, the negligence in its maintenance and because of a failure to act by the defendants with reasonable care in other respects. Delta, in its answer, generally denied the allegations of the complaint and contemporaneously reasserted a previously filed motion for summary judgment. In the motion for summary judgment, Delta asserted that it was not liable to plaintiff as a matter of law because: (1) the accident occurred on an escalator between the main and lower levels of the terminal; (2) the escalator was at least three-quarters of a block to a block from the deboarding gate of plaintiff's plane; and (3) the escalator was not installed, operated or maintained by Delta. This motion was supported by short excerpts from the depositions of plaintiff and her son, confirming the facts alleged by Delta. In effect, Delta asserted that it had no duty to provide for the plaintiff's safety at the place where the injury occurred.

Plaintiff, in her answer to Delta's motion, alleged that defendant was liable "in accordance with the law of Illinois on liability of a common carrier for injuries which occur on the premises of a terminal which is rented by an airline from a municipality." In a reply to plaintiff's answer, Delta further argued that there was no dispute that it "did not design, manufacture, install, operate, maintain, supervise or control the escalator in question" and, therefore, no triable issue of fact existed against Delta. Delta did, however, admit to the lease arrangement it had with the City, wherein Delta was and is granted the right to use the public facilities of the airport, including the escalators.

The trial court granted Delta's motion for summary judgment, finding:

"that there are no material issues of fact *as to the matters* raised in the motion for summary judgment of defendant Delta Airlines, Inc., and as a matter of law said defendant cannot be held liable to plaintiff herein." (Emphasis added.)

OPINION

■■ The purpose of the summary judgment procedure is to render expeditious judgment on a question of law, but only after first deciding that no genuine issue as to any material fact exists between the parties. (*Applicolor, Inc. v. Surface Combustion Corp.*, 77 Ill.App.2d 260, 222 N.E.2d 168.) The court must construe the pleadings, depositions and affidavits most strictly against the moving party and most liberally in favor of the opponent. (*Giova v. Carrol*, 109 Ill.App.2d 259, 248 N.E.2d 836.) In its motion for summary judgment, Delta contended that it owed no duty to the plaintiff at the place where the injury was sustained, since the injury occurred some distance from the point where plaintiff deboarded the Delta plane. On the basis of this contention, as noted in the judgment order, the trial court, as a matter of law, determined there was no duty owing and Delta could not, therefore, be liable to the plaintiff. On appeal, Delta argues that it was not negligent and therefore not liable to plaintiff. It is interesting to note that Delta now disavows the express ruling rendered by the trial court by stating: "[T]he Trial Court did not rule that Delta had no duty to Clara Schmidt or that under no circumstances could Delta be held liable." It is, according to the record and Delta's motion, on this exact point which the trial court made its finding. It appears to us that the question of its negligence was not raised by Delta in the trial court. The judgment order was specifically limited to "matters raised in the motion for summary judgment of defendant Delta"; which "matters" deal exclusively with the question of whether a duty was owed to plaintiff. In addition, Delta's memorandum of law and its affidavit in support of the motion for summary judgment contain no reference or assertion with respect to the question of Delta's negligence.

■■ We are apprised of the fact that the preclusion of raising matters for the first time on appeal is limited to appellants and, conversely, that appellees may raise any point in support of a judgment so long as there is some basis for it appearing in the record. We believe, however, that the issue of defendant's negligence was not before the trial court when it passed on defendant's motion for summary judgment. As we have stated above, the trial court specifically limited the breadth of its holding to those matters raised in defendant's motion; which matters dealt with the duty, or lack of it, owing to plaintiff. Moreover, although a reviewing court is not constrained to follow the reasoning of a trial

court as the basis for its ruling, and may consider other matters appearing in the record in order to affirm (*Haney v. Haney*, 37 Ill.App.2d 216, 185 N.E.2d 409), we believe it would be manifestly unfair here to sustain defendant's motion for summary judgment on the basis of its alleged lack of negligence, since the question was not raised by defendant and not considered by the court. We recognize that City's motion for summary judgment, which was supported by the filing of plaintiff's evidentiary deposition, did raise the question of negligence; however, there was never any hearing on this motion, and before a response was forthcoming from plaintiff, the City settled and was dismissed as a party defendant. Under these circumstances, it would appear that there was no requirement on plaintiff to respond to the issue of negligence raised in City's motion. An appellate court should not consider different theories or new questions, if proof might have been offered to refute or overcome them had they been presented at the trial. (*Hux v. Raben*, 38 Ill.2d 223, 230 N.E.2d 831.) Therefore, while it is the rule that affirmance could be based on any reason appearing in the record, its application here, in the absence of the question of negligence being raised by defendant in the trial court, is unwarranted.

In view of the foregoing, we reject the contention of Delta that the judgment was based upon a finding that as a matter of law there was no negligence on Delta's part.

■■■ We note also that Delta, in its brief, makes the following statement: "[O]f course a carrier has duties towards its passengers and others and it may be liable if it breaches a duty upon or in facilities owned, leased by, or otherwise used by it." It is with this proposition that we agree and conclude that the granting of summary judgment finding an absence of any duty owing to plaintiff is incorrect. Under the circumstances of the instant case, we believe the rule of law should be that the duty of Delta extends to areas in the terminal facilities leased to it and reasonably utilized by its passengers and invitees. This principle was stated in the early case of *Dean v. Yelloway Pioneer System, Inc.*, 259 Ill.App. 180, where the plaintiff sued the defendant bus company for injuries received as the result of a fall in a station leased by the defendants. There, defendant denied ownership and operation of the station and averred that it had no supervision or control of the premises where the injury occurred. The court, nevertheless, found that defendant was bound to use ordinary care in maintaining the station premises for its passengers. We believe that it follows that, after passengers have deboarded, an air carrier owes them a duty to exercise ordinary care in the maintenance of those portions of the terminal that passengers could reasonably be expected to go. Here, plaintiff alleged she was using the

escalator to reach the area in the terminal where Delta was to bring her luggage, and the question of whether Delta should reasonably have expected her to do so is one of fact for the jury. This proposition is consistent with a number of cases considering the question raised here. See *Delta Air Lines, Inc. v. Millirons*, 73 S.E.2d 598 (Ga. App. 1952); *Crowell v. Eastern Airlines, Inc.*, 81 S.E.2d 178 (N.C. 1954); *Polara v. Trans World Airlines, Inc.*, 284 F.2d 34 (2nd Cir. 1960); *City of Knoxville v. Bailey*, 222 F.2d 520 (6th Cir. 1955); *Hightower v. City Council*, 184 S.E.2d 678 (Ga. App. 1971); *Garrett v. American Airlines, Inc.*, 332 F.2d 939 (5th Cir. 1964); 3 A.L.R. 3d 938.

In view thereof, we find that the trial court was incorrect in deciding that as a matter of law Delta owed no duty to plaintiff for the injuries received as the result of falling from the escalator. The judgment is reversed and remanded for further proceedings not inconsistent with this opinion.

Reversed and remanded with directions.

DRUCKER and BARRETT, JJ., concur.