*Warner, Chief Justice.
The plaintiff brought an action against the defendant to recover damages for .the loss of a horse, killed by falling into a dry well on the lot of defendant. On the trial of the case, the jury, under the charge of the Court, found a verdict for the defendant. A motion for a new trial was made which was overruled by the Court, and the plaintiff excepted. It appears from the evidence in the record, that the plaintiff turned his horse into a lot to graze, the fence being down the horse went out of that lot and went into the defendant’s lot, the fence around the latter lot being partly down, and fell into the well and was killed. The two lots were near each other. It also appears from the evidence, that the well was so concealed by rubbish and grass, and weeds growing over it, that ordinary care and observation would not have discovered it. When the plaintiff went to the defendant’s agent at the depot to complain about the matter, frvine, the agent, said “that he had had plank put over the mouth of the well, but the freedmen had stolen them off.” The Court charged the jury, “that if they believed, from the testimony, that the plain1 tiff and defendant were ignorant of the existence of the well on the lot, that they must find for the defendant, and that the knowledge of the fact by Irvine, the master of transportation of said defendant, was not sufficient proof of the fact.” This charge of the Court, in view of the evidence contained in the record, was error.
The presumption of the law is that the owner of the lot knew that the well was on it; as the owner, when in possession, is presumed to know the condition of his own property, if a natural person, or by its agents and employees, if an artificial one; but the evidence is that the agent of the defendant knew that the well was there, and the knowledge of the defendant’s agent of that fact was sufficient to charge the defendant, inasmuch as a corporation can only be charged with a knowledge of facts through its agents and employees, in the conduct and. management of its business. The owner of property, *whether a natural or artificial person, must so use it as not to injure or endanger the property of other persons. This dangerous concealed pitfall, on the lot of the defendant, should have been securely enclosed, so as to have protected the property of other persons from injury, and it was culpable negligence to have left it in the condition the evidence shows it to have been when the horse was killed by falling into it. If the evidence had shown that the defendant had kept the lot enclosed by a lawful fence, and the plain *118 tiff’s horse had broken into the lot and been killed by.falling into ihe well, then it would have presented a different question as to the defendant’s liability. There was no evidence of that kind, however, offered at the trial, but on the contrary, the evidence is. that the fence around the defendant’s lot was partly down, and the horse went in and fell into the well and was killed.
Let the judgment of the Court below be reversed.