20730.   ANNIS *v.* GEORGIA POWER COMPANY.

Decided February 18, 1931.

*Porter & Mebane,* for plaintiff.

*Barry Wright, Dean & Camp,* for defendant.

BELL, J. (After stating the foregoing facts.) The petition alleges that the motorman saw or could have seen that the driver was unconscious and was not controlling the automobile, but this was not to charge that the motorman knew or should have known of the helpless condition of the driver in time to avoid a collision by the exercise of proper care. The duty imposed by law upon the defendant and its servants to exercise ordinary care to avoid in-

jury to persons or property upon its tracks did not require that the motorman should keep on the lookout to observe any sudden change in the physical condition of those driving automobiles along or across the streets, since the presumption was that such persons were, and would continue to be, possessed of the normal physical and mental faculties. *Thomas* v. *Georgia Granite Co.,* 140 *Ga.* 459 (79 S. E. 130). The allegation amounted to a charge of constructive notice only, and, in the absence of anything to raise a duty on the part of the motorman to have discovered the abnormal condition of the particular driver, the petition fails to show negligence in this regard. *Culbreath* v. *Kutz Co.,* 37 *Ga. App.* 425 (1 *b*), 431 (140 S. E. 419). It is elementary that when considered on demurrer the allegations are to be construed most strongly against the plaintiff (*Krueger* v. *MacDougald,* 148 *Ga.* 429, 96 S. E. 867), and, even to give the fullest possible effect to the averment that the motorman saw or should have seen the helpless condition of the person driving the automobile in question, it can mean only that the motorman made the discovery or should have made it at or about the time of the collision, and not that he knew or should have known of such condition in time to avoid the collision by ordinary care, the petition being silent as to when the discovery was or should have been made by the motorman. The petition, to have been good against demurrer, should have shown not only that the company was negligent, but that its negligence was the proximate cause of the damage. The fact that the driver lapsed suddenly into unconsciousness and that by reason of this fact the car was uncontrolled as it proceeded across the street and onto the tracks in front of the street-car was an extraordinary occurrence, and one that the defendant was not required to anticipate.

Under a proper construction of the petition, it does not appear that the automobile rolled out and stopped upon the track of the company, or that the collision did not occur at the intersection of the streets where automobiles were accustomed to cross the track. The only reasonable conclusion is that the vehicle ran out and collided with the street-car just as an automobile in the hands of any other person might do, with the exception of the failure to observe the stop-sign at the entrance to Fifth Avenue. From the petition as a whole it affirmatively appears that if the driver had not become afflicted, she would have stopped the automobile in

obedience to this signal, and that the street-car would have gone by without any sort of collision between the two vehicles, notwithstanding the various acts of negligence set forth in the petition. We conclude that the negligence of the defendant was not the effective and proximate cause of the damage to the plaintiff's automobile, but that such cause was the intervening act of a separate and independent agency, namely, the sudden illness of the person driving the vehicle. "It does not further appear from the petition that the intervening agency could have been reasonably anticipated or foreseen by the defendant, or that the alleged negligence of the defendant put in operation other causal forces which were the direct, natural, and probable consequences of such negligence." *Rome Ry. & Light Co.* v. *Robinson,* 35 *Ga. App.* 521 (134 S. E. 132).

The petition failed to set forth a cause of action, and the general demurrer was properly sustained. See further, in this connection, *Mayor &c. of Macon* v. *Dykes,* 103 *Ga.* 847 (31 S. E. 443) ; *Gillespie* v. *Andrews,* 27 *Ga. App.* 509 (108 S. E. 906) ; *Higginbotham* v. *Rome Ry. & Light Co.,* 23 *Ga. App.* 753 (99 S. E. 638) ; *Rome Ry. & Light Co.* v. *Jones,* 33 *Ga. App.* 617 (2) (127 S. E. 786) ; *General Fire Extinguisher Co.* v. *Daniel,* 25 *Ga. App.* 282, 285 (103 S. E. 257) ; *Platt* v. *Southern Photo Material Co.,* 4 *Ga. App.* 159, 164 (60 S. E. 1068) ; *Harrison* v. *Central of Ga. Ry. Co.,* 39 *Ga. App.* 366 (147 S. E. 177).

The present case is to be distinguished from such cases as *Snowball* v. *Seaboard Air-Line Railway,* 130 *Ga.* 83 (60 S. E. 189), *Central of Georgia Ry. Co.* v. *Thompson,* 25 *Ga. App.* 715 (3) (104 S. E. 515), *Payne* v. *Hayes,* 25 *Ga. App.* 730 (2) (104 S. E. 917), and *Central of Georgia Ry. Co.* v. *Bridwell,* 34 *Ga. App.* 77, involving the liability of the defendant railway companies for negligent injury to pedestrians who had become ill and helpless upon the track. In the instant case the automobile was in motion and was crossing the street-car track in the usual way, and, so far as appears, the defendant was not guilty of negligence in failing to discover the condition of the driver in time to avoid the collision. If the vehicle had been stalled or stopped upon the track, or if some person or property had been in a fixed position upon the track, a very different situation would have been presented, and the cases

relied on by counsel for the plaintiff in error would be the more nearly in point.

*Judgment affirmed.* *Jenkins, P. J., concurs. Stephens, J., concurs specially.*