## 32960. BESSMAN *v.* GREYHOUND BUS DEPOT OF ATLANTA INC.

DECIDED APRIL 14, 1950.

*Howard, Tiller & Howard, Elmo Holt,* for plaintiff.
*Matthews, Long & Hendrix,* for defendant.

SUTTON, C. J. The petition of Ruth C. Bessman in Fulton Superior Court shows that she sought to recover $25,000 in damages from Greyhound Bus Depot of Atlanta Incorporated, on account of personal injuries sustained when she slipped and fell while approaching the front entrance to the defendant's bus depot in Atlanta.

The following facts are alleged in the amended petition: About 6:25 a. m. on September 4, 1948, the plaintiff was proceeding on foot up a slight incline from Cain Street in Atlanta to the front entrance of the bus depot. It was raining, and on account of travel back and forth across the approach to the entrance considerable mud and water had been allowed to accumulate. As the plaintiff approached the entrance to said depot she had her parasol raised, and, in her anxiety to get out of the rain, while lowering her parasol and changing a handbag and traveling bag from one hand to the other in order to free her right hand to use it to open the door, she did not observe the slippery condition of the defendant's premises immediately in front of the entrance to the depot; and when she reached a point about 1-½ feet from the door, while walking across the wet and muddy approach, as was necessary to enter the depot, she stretched forth her hand to open the door, and simultaneously she slipped and fell on said muddy approach to said front door. The inclined approach was constructed of tile or some other slick or cement material, and no rubber mat or other material

was provided to keep persons entering the depot from slipping and falling.

Details of her personal injuries, medical expense, and loss of time from work are included in the petition, and negligence as the proximate cause of her injuries is attributed to the defendant in the following particulars: "(a) In failing to maintain the approaches to the said bus depot in a reasonably safe condition, so as not to injure persons coming upon the premises to board busses. (b) In failing to furnish rubber mats or other safety devices, so as to avoid slipping and falling by passengers. (c) In failing to remove mud and water from an inclined approach to the front doors of said bus depot. (d) In allowing a wet slippery condition to exist on the approaches to the front door of said bus depot, the only manner of ingress and egress to said bus depot."

The trial judge sustained a general demurrer to the amended petition, and the plaintiff excepted.

Ordinarily, questions of negligence and proximate cause are for determination by a jury, but it is the duty of the courts to decide such questions as a matter of law on demurrer in clear and indisputable cases. It is obvious from the facts alleged in the petition in this case that the condition of the approach to the entrance of the bus depot was apparent and could have been detected by the plaintiff, if she had been observant, and that her injuries were caused by her negligence or by the failure on her part to exercise ordinary care in observing the wet and muddy condition of said approach, and in walking thereupon in the manner that she alleges she did, in her anxiety to get out of the rain and inside the bus depot. The trial judge did not err in sustaining the general demurrer to the amended petition and in dismissing the action. For principles and rulings applicable and controlling in the present case, see *Banks* v. *Housing Authority of Atlanta*, 79 *Ga. App.* 313 (53 S. E. 2d, 595), *Ford* v. *S. A. Lynch Corp.*, 79 *Ga. App.* 481 (54 S. E. 2d, 320), *Hill* v. *Davison-Paxon Co.*, 80 *Ga. App.* 840 (57 S. E. 2d, 680), and the cases cited therein.

*Judgment affirmed. Felton and Worrill, JJ., concur.*