36867. ATLANTA TRANSIT SYSTEM, INC. *v.* ALLEN.

DECIDED OCTOBER 22, 1957—REHEARING DENIED NOVEMBER 4, 1957.

*Jule W. Felton, Jr., Russell M. Striplin, Crenshaw, Hansell, Ware & Brandon,* for plaintiff in error.

*Cullen M. Ward, Wilson Brooks, Ward, Brooks, Parker & Daniel,* contra.

GARDNER, P. J. A common carrier has the duty to exercise extraordinary care to protect passengers on its vehicle. See *McBride* v. *Ga. Ry. & Electric Co.,* 125 *Ga.* 515, 516 (54 S. E. ,674), and *Beardsley* v. *Suburban Coach Co.,* 83 *Ga. App.* 381 (63 S. E. 2d 911). There are numerous other decisions to the same effect.

Counsel for the defendant relies on the theory that the plaintiff's wife did not use proper care for her own safety; that she could have asked the operator to check the door to see what was wrong; that she could have used the front door as a means of egress; that she used excessive force to open the back door and thus she was the author of her own injury. Counsel cites *Mansfield* v. *Richardson,* 118 *Ga.* 250 (3) (45 S. E. 269) wherein the Supreme Court said: "In cases of personal injuries, the plaintiff as a conscious human agent is bound to exercise ordinary care to avoid the consequences of the defendant's negligence, by remaining away, going away, or getting out of the way of a probable or known danger." In *Bessman* v. *Greyhound Bus Depot of Atlanta,* 81 *Ga. App.* 428, 429 (58 S. E. 2d 922) this court said: "Ordinarily, questions of negligence and proximate cause are for determination by a jury, but it is the duty of the courts to decide such questions as a matter of law on demurrer in clear and indisputable cases." The following cases hold that a person must use ordinary care to avoid injury to his or her person: *City of Columbus* v. *Griggs,* 113 *Ga.* 597 (38 S. E. 953, 84 Am. St. R. 257) ; *Simmons* v. *Seaboard Air-Line Ry.,* 120 *Ga.* 225, 227 (47 S. E. 570, 1 Ann. Cas. 777) ; *Taylor* v. *Morgan,* 54 *Ga. App.* 426 (2) (188 S. E. 44), and *Fricks* v. *Knox Corporation,* 84 *Ga. App.* 5 (65 S. E. 2d 423). This position is not well taken. We hold that the record does not disclose as a matter of law that the plaintiff's wife did not use ordinary care for her own safety but that such is a jury question.

636

As to whether or not the operator of the bus knew or reasonably was charged with knowledge that the act or omission involved danger to the plaintiff's wife, the record does not disclose that the operator of the bus was not fully cognizant of the alleged rusty condition of the mechanism of the bus he operated. Rust requires the lapse of time to form and a jury question is presented as to whether or not this defect should have been discovered. However, in view of the allegation that he knew, or in the exercise of ordinary care should have known, of these and other facts alleged in the petition, this amounts to no more than an allegation of constructive knowledge.

It is alleged that there was a written sign over the door requiring a passenger to push on the door; that when the plaintiff's wife pushed on the door, the door did not open; that she pushed a second time, then pushed a third time; that the last time she pushed, the operator of the vehicle released a mechanism which opened the door. While there is no allegation that the bus driver knew that the passenger was having trouble with the door, in the exercise of extraordinary care toward a passenger, a jury would be authorized to find such bus driver lacking in the exercise of extraordinary care who committed an act that might result in injury to a passenger attempting to alight from the bus, whether the driver actually knew that the passenger was attempting to alight or not. A jury would be authorized to find it to be the duty of the driver to determine if a passenger is attempting to alight after a signal had been given for the bus to stop for that purpose, and, if only one signal was given and a passenger was attempting to alight at the front door, where the bus driver could see without turning around, a jury would be authorized to find such bus driver negligent toward another passenger attempting to alight from the back door, such driver knowing that the bus has two doors for this purpose.

Under the allegations of the petition, the questions presented here should be determined by a jury.

The trial court did not err in denying the motion to dismiss the petition. No error appears in the overruling of the general and special demurrers to any portion of the petition.

*Judgment affirmed. Townsend and Carlisle, JJ., concur.*

## On Rehearing

The decision in this case constitutes an adjudication that each count of the petition is sufficient to state a cause of action against the defendant for failure of the latter to exercise extraordinary care for the safety of one of its passengers, and that neither count is subject to general demurrer on the ground that the petition shows on its face that the plaintiff failed to exercise ordinary care for her own safety. Both counts show the same factual situation—that the plaintiff, attempting to alight from the rear door, pushed twice and the door failed to open; that she pushed a third time "with all her strength" and the door flew wide open, causing her to fall out onto the curb. Negligence in maintaining a defective mechanism is alleged as the cause of injury in one count and negligence of the operator in opening the door is alleged as the cause of injury in the other count. If the injury is shown to have happened as alleged, the plaintiff might recover upon proof of either or both of these acts of negligence.

It is strongly contended that had the plaintiff not pushed three times, and pushed so hard, she would not have been injured, and that this constituted a lack of due care on her part and also constituted the proximate cause of her injuries to the exclusion of any negligence on the part of the defendant, notwithstanding the allegation in both counts of the petition that there was a sign above the door directing passengers seeking to leave the bus to so push. Both of these positions, however, may be true as a matter of fact but this court cannot hold either to be true as a matter of law. If one pushes against a door which is supposed to yield and does not, whether an ordinarily prudent person would simply think the door was hard to move and use greater force to move it, or whether such person would expect it to suddenly yield and spring back is an issue of fact under all the circumstances of the case. Of the Georgia cases cited by the plaintiff in error, *Pacetti* v. *Central of Ga. Ry Co.*, 6 *Ga. App.* 97 (64 S. E. 302), a "door case," supports the position taken here. There the plaintiff was crowded against a gate at the moment when the gatekeeper was about to open it; he proceeded to unlatch the gate and thereby injured the plaintiff's hand, and it was held that whether the plaintiff in the exercise

of ordinary care should have placed her hand on the gate at the time when the keeper was unlatching it was a jury question. Here the duty to push the door open was on the plaintiff herself, but the door gave way under her pressure in an unexpected manner, allegedly the result either of the driver in fact opening the door himself through a release mechanism, or because of a faulty condition of the door itself. No case cited by the plaintiff in error is so similar on its facts as to be controlling here. The rule in negligence cases is that each must stand on its own bottom, and that where reasonable minds might differ, either as to the proximate cause, the degree of negligence of the defendant, or the contributory negligence of the plaintiff, such case should be decided by a jury and not by the court. *Townley* v. *Rich's, Inc.*, 84 *Ga. App.* 772 (67 S. E. 2d 403); *Southern Stages* v. *Clements*, 71 *Ga. App.* 169 (30 S. E. 2d 429); *Ga. Power Co.* v. *Blum*, 80 *Ga. App.* 618 (57 S. E. 2d 18).