38396.   McGEENEY v. ROBERTSON.

DECIDED SEPTEMBER 7, 1960.

*Cook, Llop & Long, Nick Long, Jr., Robert M. Sparks,* for plaintiff in error.

*Greene, Neely, Buckley & DeRieux, John D. Jones,* contra.

NICHOLS, Judge.  1.  No exception was taken to the judgment overruling the general demurrers to the petition and it is therefore now established as the law of the case that the petition set

forth a cause of action against the defendant. See *Carmichael Tile Co. v. McClelland*, 213 Ga. 656 (2) (100 S. E. 2d 702).

2. Section 3 of the act of 1959 (Ga. L. 1959, pp. 234, 235; *Code Ann.* § 110-1203), provides: "The judgment sought shall be rendered forthwith if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law, but nothing in this Chapter shall be construed as denying to any party the right to trial by jury where there are substantial issues of fact to be determined."

The plaintiff's petition, as a matter of law, set forth a cause of action, and unless the depositions set forth as exhibits to the defendant's motion for a summary judgment show without dispute that the plaintiff was not entitled to recover, the motion for summary judgment should have been overruled.

The plaintiff's petition alleged that she was an invitee, a visitor, in the defendant's home where she was injured, that the *position* and *condition* of the rug were known to the defendant, that such *condition* created a hazard dangerous to walk on and created a deceptive trap, and by the exercise of ordinary care the plaintiff could not have discovered that the rug was piled, twisted and dangerous to walk on, and that the plaintiff was unfamiliar with the tendency of the said rug to crawl, bulge and pile.

The plaintiff's deposition showed that the defendant ran a "tourist home" in the house where the plaintiff was injured, that the defendant had gone to Florida on the Sunday preceding the Thursday when the plaintiff was injured, that the plaintiff (a long-time friend of the defendant), had been staying at the defendant's house during such time, renting rooms to tourists, keeping the house clean, preparing meals for the defendant's "family" and otherwise looking after the defendant's business: "Q. . You never saw any ridges in that rug three to five inches high, did you? A. I have seen it like that, because she would, you know, keep it straight out. I thought nothing about it. Q. She would always smooth it out every time she saw it. A. Yes. Q. You have seen it buckle up like that plenty of times?

A. Yes. Q. Did you notice people walking over it and cause that? A. No. But I never saw anybody step on it and do anything. Q. And of course she hadn't been here during this week, had she, during the week this happened? A. She left Sunday."

The plaintiff's deposition showed that the plaintiff knew of the tendency of the rug to bulge up which fact was contrary to the allegations in the petition that she did not have such knowledge. The deposition also showed that the plaintiff was actually in charge of the premises at the time she was injured, that the defendant had been out of town for approximately 5 days and could not, as alleged in the petition, have known the *position* and *condition* of the rug which, according to the petition had to be moved and straightened several times each week. While the defendant may have known of the tendency of the rug to "crawl, bulge and pile" she had no knowledge that it had crawled, bulged and piled at the time the plaintiff was injured. The plaintiff was possessed with the same knowledge about the rug as the defendant, and the judgment of the trial court granting the defendant's motion for summary judgment was not error, since the deposition of the plaintiff, an exhibit to the defendant's motion for summary judgment, showed without dispute that the plaintiff, by the exercise of ordinary care, could have prevented the consequences of the defendant's alleged negligence. *Collins v. Augusta-Aiken &c. Corp.* 13 Ga. App. 124 (2) (78 S. E. 944) ; *Fricks v. Knox Corporation,* 84 Ga. App. 5, 10 (65 S. E. 2d 423) ; *Woods v. Simpson,* 99 Ga. App. 538 (109 S. E. 2d 72) ; *Code* § 105-603.

*Judgment affirmed. Felton, C. J., and Bell, J., concur.*