40463. ROBERTS v. GWINNETT COUNTY.

DECIDED FEBRUARY 11, 1964.

110

*Merritt & Pruitt, J. Ray Merritt,* for plaintiff in error.
*Edward S. White, Allen E. Lockerman, Dudley S. Hancock,* contra.

FELTON, Chief Judge. 1. The gist of the original petition was that the payment of $92,000 to defendant Roberts under the circumstances alleged was so excessive and unreasonable as to constitute an abuse of discretion and a violation of trust by the defendant county commissioners in which Roberts participated. The gravamen of the cause of action was not that the commissioners authorized Roberts to fix or settle the amount of attorney's fees due the law firm of the late Sumter Kelley and R. F. Duncan. The substituted petition is based on the same theory and principle as the original, and the new allegation that Roberts paid out of a check payable to his firm definite amounts due to the firm above referred to and R. F. Duncan a definite amount due them by the commissioners does not affect the theory, principle and rationale of the original petition. The only questions under the original petition and the substituted petition are whether the commissioners were guilty of an abuse of discretion and a violation of their trust by the payment of $92,000 in fees to Roberts which were alleged to be so excessive as to constitute an abuse of discretion and a violation of trust, and whether Roberts aided and assisted in such misconduct with knowledge thereof. *Code* § 108-423. There are no new facts alleged in the substituted petition which change or affect the ruling made by this court on the former appearance of the case where we held (102 Ga. App. 318): "In spite of the lack of such a standard, if the proof shows that unreasonable and excessive fees were paid to Roberts under the circumstances a recovery is in order if a jury finds the fact of excessiveness to exist to the extent of showing a breach of discretion and trust." No reason is urged or pleaded why the fact that the contract was completely executed by all parties four years prior to the filing of the action precludes this action.

The court did not err in overruling the general and special demurrers to the petition.

*Judgment affirmed. Frankum and Pannell, JJ., concur.*