40781. PLATZ v. KROGER COMPANY et al.

DECIDED JUNE 26, 1964.

*Northcutt & Edwards, W. S. Northcutt,* for plaintiff in error. *Marvin G. Russell, Turner Paschal,* contra.

JORDAN, Judge. The trial court in its order sustaining the defendant's general demurrers very succinctly analyzed the issues raised by the pleadings in this case and in our opinion correctly resolved them. The order provided as follows:

"The gist of the complaint of the petitioner against Kroger is that it constructed a building in which the entrance and exit doors of the Kroger part of the building were opposite in the direction of entrance and exit in the part of the building occupied by defendant Superex Drugs; that they were not uniform in the respect indicated. It is difficult to understand the theory upon which the lack of uniformity could impose liability. According to the petition, while the building was one building, it was divided into two stores with an opening between them. To say that one who constructs a building to be occupied by two stores must place the separate doors for each of the stores in like position and in uniform operation would be imposing a new duty

and theory of liability which I do not believe our courts have thus far imposed.

"The gist of the petitioner's complaint against Superex appears to be that it posted an advertisement on the door and that the sign marked 'In' was above eye level. It would be a broad doctrine of liability to hold that one could ignore all usual rules of self care and, oblivious to any physical surroundings, seek to use whatever method of exit one desires. It seems palpably clear that in the exercise of ordinary care for her own safety a customer must pay some reasonable attention to the normal operation of the facilities afforded for the use of the store's customers."

A merchant is not an insurer of the safety of his customers and is required by law only to exercise ordinary care to avoid injury to them. *McCrory Stores Corp. v. Ahern,* 65 Ga. App. 334 (15 SE2d 797). The allegations of the petition disclosed that the entrance and exit doors in both sections of the building were appropriately marked "In" and "Out," and we do not think that the defendants were under any duty to give other or more prominent notice of the proper exit.

The plaintiff in the exercise of ordinary care for her own safety could and should have ascertained the appropriate door by which to exit, it being plainly marked; and she had no right to rely on the fact that she had entered one part of the premises through the door on her left in one set of double doors and blindly seek to depart from another part of the premises through the door on her left in another set of double doors. To hold the defendants liable for her misfortune under the allegations of the petition would clearly constitute them insurers of her safety.

The fact that the defendant Superex had placed advertising matter on the entrance and exit doors on its part of the premises is immaterial under the allegations of the petition, since it is not alleged that the plaintiff even attempted to ascertain the proper door through which to exit or that such advertising interfered with or obstructed the view of a person attempting to determine the proper door through which to exit.

The cases cited and relied upon by plaintiff's counsel for the distraction theory are inapplicable here. Those cases involve

situations where a plaintiff trips or falls due to an obstruction (such as a sign, box, etc.) placed or maintained by the defendant while plaintiff's attention was distracted by advertising or other matters related to the defendant's business. Such is not the factual situation here. No obstruction by any object or defect is alleged, the plaintiff at the time of injury being engaged only in attempting to make an exit from the store.

*Judgment affirmed. Bell, P. J., and Eberhardt, J., concur.*