40616. GIBSON v. CONSOLIDATED CREDIT CORPORATION.

DECIDED JULY 14, 1964—REHEARING DENIED JULY 30, 1964.

*Thomas C. Benton, Kimzey & Kimzey, Herbert B. Kimzey,* for plaintiff in error.

*Whelchel, Dunlap & Gignilliat, McClure, Ramsey & Struble, George B. Ramsey, Jr.,* contra.

EBERHARDT, Judge. ■ There is no merit in the contention that the defendant was negligent in the use of tile as a floor covering in its place of business, for tile of one kind or another —asphalt, rubber based, cork, plastic, ceramic, etc., has come to be perhaps the most widely used of materials in the building

trade for covering floors. It is used on wood and on concrete—perhaps other bases. Architects specify it. Contractors use it. Builders buy it. Everybody accepts it.

This court took judicial notice in *Holloman v. Henry Grady Hotel Co.*, 42 Ga. App. 347, 348 (156 SE 275) that marble is a proper building material for steps and held that "even when polished it is not naturally slick and dangerous." In *Maloof v. Blackmon*, 105 Ga. App. 207 (124 SE2d 441) where the plaintiff contended that there was negligence on the part of the owner of an apartment house by reason of the fact that the steps at the entrance were constructed of brick, were smoothly worn from use and were, *when wet,* extremely slick and dangerous, we took notice that brick is a proper building material and held that its use was not negligence. We can see no substantial difference in the allegations of this petition and those in *Holloman* and *Maloof* with respect to this matter.

*Cox v. Ray M. Lee Co.*, 100 Ga. App. 333 (111 SE2d 246) does not require a different ruling. In that case the court did not hold that the use of concrete, the material used in building steps and a landing at the entrance to a church, was negligence. The petition alleged that the steps "were so excessively troweled with a steel trowel, rather than a wood float trowel or being sprinkled with a steel abrasive hardener as ordinary care required, that when they became wet or damp with rain water they became too slippery for persons to walk on them without slipping, a condition inherently and intrinsically and imminently dangerous to all third persons walking thereon." *Active negligence in the improper installation* of the concrete was alleged, and that case is not authority for a holding that the installation of an accepted material is negligence simply because it becomes slippery when wet. There is scarcely any material that might be used in construction that isn't made somewhat slippery by the presence of water. That is a matter of common knowledge, and, since it is, it behooves us all to use a measure of precaution in walking upon wet surfaces. "It is common knowledge that people fall on the best of sidewalks and floors." *Knopp v. Kemp & Hebert*, 193 Wash. 160, 164 (74 P2d 924).

 "The mere ownership of land or buildings does not render one liable for injuries sustained by persons who have entered thereon or therein; the owner is not an insurer of such persons, even when he has invited them to enter. Nor is there any presumption of negligence on the part of an owner or occupier merely upon a showing that an injury has been sustained by one while rightfully upon the premises. *The true ground of liability is the proprietor's superior knowledge of the perilous instrumentality and the danger therefrom to persons going upon the property.* It is when the perilous instrumentality is known to the owner or occupant and not known to the person injured that a recovery is permitted." 20 RCL 56, § 52. (Emphasis supplied.)

We have held only a few days ago, as has been done many times before, that a merchant is not an insurer of the safety of his customers, his duty to them being that of ordinary care. *Platz v. Kroger Co.*, 110 Ga. App. 16 (137 SE2d 561). Or, as Judge Hall put it in his concurrence in *Kreiss v. Allatoona Landing, Inc.*, 108 Ga. App. 427, 439 (133 SE2d 602), and as did Judge Townsend in *Hill v. Davison-Paxon Co.*, 80 Ga. App. 840 (57 SE2d 680), the duty is to protect others "against an *unreasonable* risk of harm." How measures the petition here against that standard? Stripped of its conclusions the allegations are simply that on a rainy morning plaintiff went to defendant's office to make a payment on her loan and that she slipped and fell on the floor due to an accumulation of water which had been brought in by other customers; that the water was transparent and that she did not know of the existence of the dangerous condition. *She alleges that it had been raining for several hours and, at the time she went in, had "stopped" to a drizzle.*

"Everybody knows that, when people are entering any building when it is raining, they will carry some moisture on their feet, which will render the floor near the door on the inside damp to some extent, and every one knows that a damp floor is likely to be a little more slippery than a dry floor." Knopp v. Kemp & Hebert, 193 Wash. 160, 164, supra. "Owners or lessees of stores, office buildings, banks, hotels, theaters, or other buildings where the public is invited to come on business or pleasure,

are not insurers against all forms of accidents that may happen to any who come. Everybody knows that the hallways between the outside doors of such buildings and the elevators or business counters inside the building during a continued rainstorm are tracked all over by the wet feet of people coming from the wet sidewalks, and are thereby rendered more slippery than they otherwise would be. The same thing is true in the hallways of all post offices. It is not the duty of persons in control of such buildings to keep a large force of moppers to mop up the rain as fast as it falls or blows in, or is carried in by wet feet or clothing or umbrellas, for several very good reasons, all so obvious that it is wholly unnecessary to mention them here in detail." Kresge Co. v. Fader, 116 Ohio St. 718 (158 NE 174, 58 ALR 132).

"[T]he fact that water, slush, and mud are tracked in on the floor of premises because of weather conditions outside ordinarily does not create an actionable situation, although the floor is thereby rendered wet, dirty, and slippery, except, perhaps, in some circumstances, as where it is shown that the construction of the entranceway was inherently dangerous or that the person responsible for the condition of the premises failed to use due care to remedy unreasonably dangerous conditions after actual or constructive notice thereof." 65 CJS 588, Negligence, § 81.

"The fact that during a rainstorm some water was thrown into the front of a store, due to the frequent opening of the door by customers, thereby causing the floor to become more slippery than usual, will not give rise to an action against the owner for injuries to a patron who slips upon such floor." 38 Am. Jur. 798, Negligence, § 136.

This court has recognized the principle. In *Conaway v. Mc-Crory Stores Corp.*, 82 Ga. App. 97 (60 SE2d 631) it was alleged that it had been raining from 9 a.m. until 12:30 p.m., when plaintiff slipped and fell on the floor at the entrance of defendant's store and that the slippery condition of the floor was caused by rain water and dirt brought in from the street by customers of the store. She alleged that "this condition and danger was not an obvious and apparent danger which could have been discovered by [her] by the exercise of ordinary care" and that she "had no knowledge or notice of the defective condition

of the unapparent dangerousness or extreme dangerousness or unsafeness of the floor." A general demurrer was sustained, and we affirmed.

In *Hill v. Davison-Paxon Co.*, 80 Ga. App. 840, supra, it was alleged that it had been raining for most of the day prior to the time plaintiff entered defendant's store and that the aisle floor at the entrance was of concrete having numerous bleached and discolored areas on which puddles of water "had been *present for several hours* and were, or in the exercise of ordinary care should have been known, to the defendant," making it it slippery and dangerous and on which she fell and was injured. Approving the sustaining of a general demurrer to the petition this court observed that "the mere failure to remove water collecting near the entranceway of a large store because of the constant p̀assing in and out of pedestrians during a period of rain, and the failure to place mats in the aisle at such a place would not be evidence of a lack of reasonable care for the safety of the store's invitees . . ." and that "the petition affirmatively shows that the plaintiff was aware that it had been raining all day and was raining at that time, that the aisle where she fell was near the entrance, and that there were other customers present. *It is a matter of common knowledge that some water would normally be present at a place where shoppers continually pass in and out during rainy weather.* While the defendant is alleged to have been negligent in not providing mats over this area, the plaintiff could plainly see that no mats were present . . . she was aware of the weather conditions. Under these circumstances it appears that she herself was not in the exercise of due care." (Emphasis supplied).

In *Banks v. Housing Authority of the City of Atlanta*, 79 Ga. App. 313 (53 SE2d 595) the plaintiff, a tenant in an apartment building owned by the defendant, alleged that she was injured when she slipped and fell upon concrete steps used by her in getting in and out of the apartment; that there were hollow places worn in the treads where rain water collected and froze, it having rained and freezing temperatures having prevailed for a period of two days prior to her injury. Affirming the sustaining of a general demurrer this court observed that the plaintiff

was *"aware of the weather conditions"* and concluded that her injury resulted from a failure to exercise ordinary care for her own safety. (Emphasis supplied).

Other cases involving this general type of situation are *Lebby v. Atlanta Realty Corp.*, 25 Ga. App. 369 (103 SE 433); *Ogain v. Imperial Cafe, Inc.*, 25 Ga. App. 415 (103 SE 594); *Avary v. Anderson*, 31 Ga. App. 402 (120 SE 683); and *Bessman v. Greyhound Bus Depot of Atlanta*, 81 Ga. App. 428 (58 SE2d 922), in all of which this court found the charges against the defendant in the petition to be lacking when measured by the general demurrer. In *Home Fed. Savings &c. Assn. v. Hulsey*, 104 Ga. App. 123 (121 SE2d 311), it was observed in the concurring opinion: "Water running along a street or sidewalk is not per se a dangerous thing. If such were held to be so, then every owner of property would be exposed to an unusual hazard every time it rains."

Although plaintiff alleges that the water on the floor was transparent and not visible to her, she also alleges that *she knew it had been raining* that morning. We observe, as did Judge Townsend in *Hill v. Davison-Paxon Co.*, 80 Ga. App. 840, 842, supra, that "[t]his should have been equally obvious to both parties, regardless of the coloring of the floor."

The duty of the defendant in this situation was to exercise ordinary or reasonable care to keep its invitee from exposure to an unreasonable risk of harm. Does the petition show a failure in that duty? What was it obligated to do in the performance of its duty?

"There is no duty on a proprietor to stay the elements nor to continuously mop during a shower." Camp v. J. H. Kirkpatrick Co. (Tex. Civ App.), 250 SW2d 413, 418. "He cannot prevent some water and mud being brought into an entranceway on a rainy day. . ." Miller v. Gimbel Bros., 262 NY 107 (186 NE 410). It is not his duty "to keep a force of moppers to mop up the rain as fast as it falls or blows in, or is carried in by wet feet or clothing or umbrellas. . ." Cox v. Goldstein, 255 Ala. 664, 667 (53 S2d 354). "The storekeeper would not, as a matter of law, be required to keep this water removed at all times unless, due to some peculiarity of the floor or otherwise,

its presence there created a hazard beyond that created on other areas . . . similarly constructed. . ." *Hill v. Davison-Paxon Co.*, 80 Ga. App. 840, 842, supra.

As was observed in Spaulding v. Christakos, 269 App. Div. 909 (56 NYS2d 372) "[t]he only possible actionable defect which could be found . . . is that water had accumulated on the floor. Bearing in mind that a storekeeper cannot be expected to prevent the presence of some water on the floor during the course of a rainy or snowy day" it does not appear that the defendant had not exercised reasonable care in the maintenance of the premises under the prevailing weather conditions. For aught that appears it may be that some of the water which is alleged to have caused plaintiff to slip and fall was tracked into defendant's place by her own wet feet.

Construing the petition against the plaintiff, as we must on demurrer, the allegation that it had been raining for several hours and had "stopped" to a drizzle about the time she stopped her car across the street to get out and go into defendant's place leads inescapably to the conclusion that the defendant had not theretofore been under any duty to mop the floor and keep it free of water, for that would be placing upon it the duty of continuously mopping the floor during the period of rainfall.

While the plaintiff was exposed to some risk of harm by reason of the water accumulation on the floor, it was neither unusual nor unreasonable. Rather, it was one to which all who may go out on a rainy day may be exposed and which all may expect or anticipate. The defendant had violated no duty owing to the plaintiff. Even if the rainfall had ceased completely it seems obvious that the defendant, and others in a like position, must be afforded a reasonable opportunity for mopping the water from the floor. Until such time as one who enters might reasonably expect to find the floor free of water he should expect to find water present. Certainly that is negatived by the allegation that it was still "drizzling."

Can it be said that, with her own knowledge of the weather conditions and with her own presumed capacity to see as well as any ordinary person, *Annis v. Georgia Power Co.*, 42 Ga. App. 754, 758 (157 SE 242), *Kreiss v. Allatoona Landing, Inc.*, 108

Ga. App. 427, 444, supra, plaintiff was exposed to an *unreasonable* risk of harm? Isn't it the ordinary, usual risk that all people must take when they go out on a rainy day?

One who is engaged in business, as the defendant was, should not be held if an injury results from an ordinary or usual risk which, in the light of the weather conditions, could not be classed as unreasonable. To do so would make him an insurer of the safety of his invitee, and that is not and should not be the law in this State.

■ Plaintiff alleges that the defendant failed to warn her of the dangerous condition that existed by reason of the accumulation of water on the floor, and that it failed to post any sign of warning where she might see it.

Was there any duty on the defendant to give warning, under the facts alleged, by the posting of a sign or otherwise? If there was not, the failure to do it did not constitute actionable negligence. We have already held that the use of tile as a floor covering was not negligence—and that is true even though it may be that when water accumulates thereon it becomes more slippery, for the same can be said of all hard surfaced building materials generally accepted in the building industry. We have observed that the plaintiff knew that it was and had been raining that morning, for she so alleges. We have held it to be a matter of common knowledge on the part of all people of ordinary intelligence that when it is raining, water will be tracked into buildings, stores and the like on the shoes, clothing and umbrellas of people who go therein. We have held that there is no duty on the part of the occupant of the building or store to mop continuously during a rain for the purpose of removing water accumulations from the floor.

The duty to warn arises from a *superior* knowledge on the part of the owner or occupant of a building concerning an unreasonable risk of harm to which the invitee is exposed. What superior knowledge on the part of the defendant is alleged? It cannot be the mere fact that the floor was covered with tile, not only because that is not negligence of itself, but, as well, because that fact was obvious to any and all who might enter defendant's place of business. There is no duty to warn of the

perfectly obvious; for example, the existence of a flight of stairs in a store—even though it be a crowded shop. Hunnewell v. Haskell, 174 Mass. 557 (55 NE 320, 7 Am. Neg. Rep. 53). Of what avail is it to post a sign on steps saying to one who approaches "This is a flight of steps," or on a brick wall saying "Here is a brick wall," or on a telephone pole saying "Beware of this, it is a pole?" And what more would he know than he can see if he were told of them? See Summa v. Morgan Real Estate Co., 350 Mo. 205 (165 SW2d 390); Harper v. First Nat. Bank (Mo.), 196 SW2d 265.

It cannot be the fact that water was on the floor. In the first place, the defendant is charged with *constructive* knowledge only of that fact. It does not appear that anybody authorized to act for the defendant had actual knowledge of it. And in the next place, as we have observed, the plaintiff and everybody else knew that with the weather conditions as they were alleged to have been, water was likely to be on the floor. Thus, that fact was equally within the knowledge of the plaintiff even before she entered the store. It may be said that if warning of that fact were needed *the rain itself supplied it.* "The plaintiff was bound to take notice of the ordinary and familiar laws of nature . . ." and of the consequences. *Fricks v. Knox Corp.*, 84 Ga. App. 5, 10 (65 SE2d 423).

If a dangerous condition arises from some act of the defendant, such as leaving too much wax on a polished floor and failing to buff it down, or putting excessive oil on it, or creating an obstruction where it is not reasonably expected to be, or leaving an unguarded hole in the floor, it would appear that he does have superior knowledge, for the plaintiff knows nothing of it, and from that a duty to warn arises. Even in situations where the danger is obvious, or should be obvious to the invitee, he may, for various reasons, become so inattentive until he is oblivious to the obvious and proceed to place himself in a position of peril. If the owner or occupant, seeing that to be the case, *has a fair opportunity* to warn of the impending danger a duty arises to do it. Nothing of that kind is charged against the defendant.

No facts are alleged in this petition giving rise to any duty to

warn; consequently allegations of failure to do so do not allege actionable negligence.

As Judge Nichols held in *McGeeney v. Robertson*, 102 Ga. App. 318 (116 SE2d 252), where plaintiff was injured from a fall when a rug on the floor of defendant's tourist home tripped her, "A finding for the defendant is demanded in an action by an invitee against the owner of realty where it is undisputed that both the plaintiff and the defendant had knowledge of the alleged defect which caused the injury, and that by the exercise of ordinary care the plaintiff could have avoided the injury." And see *Woods v. Simpson*, 99 Ga. App. 538 (109 SE 72), where plaintiff was injured when defendant's dog ran into her from the rear and caused her to fall on a highly polished floor.

The general demurrer was properly sustained by the trial court.

*Judgment affirmed. Bell, P. J., Frankum and Jordan, JJ., concur. Hall, J., concurs specially. Felton, C. J., Nichols, P. J., Russell and Pannell, JJ., dissent.*

HALL, Judge, concurring specially. I concur with Division 1 of the opinion of the court, for the reason that the petition does not show that the material of which the defendant's floor was made had the propensity to become excessively slippery when wet, as compared to floors customarily found in business premises.

I concur with the result reached but do not agree with all that is said in Divisions 2 and 3 of the opinion of the court. I agree that the allegations of the petition do not create an issue that the defendant failed to exercise ordinary care in the maintenance of the described floor under the prevailing weather conditions—a business proprietor cannot reasonably be expected to prevent the presence of some water on a normal floor during a period of time when it is continually raining, unless by the presence of the water the proprietor exposes his invitees to an unreasonable risk of harm.

The controlling question in this case is whether the petition alleges facts which if supported by evidence could authorize a finding that the defendant was negligent. Whether the facts alleged show as a matter of law that the plaintiff failed to exercise ordinary care for her own safety is an issue that the court cannot reach unless it has first determined that the petition shows an

issue of negligence on the part of the defendant. My views of the law pertaining to questions of negligence by invitees are discussed in *Kreiss v. Allatoona Landing, Inc.*, 108 Ga. App. 427, 439 (133 SE2d 602).

PANNELL, Judge, dissenting. I disagree with the majority opinion for the following reasons: "Only in clear and palpable cases, where it appears that one recklessly tests an observed and clearly obvious peril, or voluntarily assumes a position of imminent danger, will he be barred from recovery as a matter of law; otherwise, the question of what negligence, as well as whose negligence is responsible for the injury is a jury question. *Atlanta Transit System v. Allen*, 96 Ga. App. 622 (101 SE2d 134); *Southern Stages v. Clements*, 71 Ga. App. 169 (30 SE2d 429)." *Beck v. Wade*, 100 Ga. App. 79, 83 (110 SE2d 43).

The petition alleges that defendant was negligent in several particulars, one of which was set out in paragraph 6 (h) as follows: "In constructing said floor of smooth tile which became slippery when wet and in not constructing same with non-skid abrasives built therein so that the same would not become slippery and dangerous when wet." The majority opinion holds, in effect, that an invitee who knowingly walks upon a wet tile floor, in so doing does "recklessly tests an observed and clearly obvious peril, or voluntarily assumes a position of imminent danger" and is barred from recovery against the owner whose negligence permitted the condition to exist, or, in effect, holds that water on a tile floor is patently slippery and dangerous. I do not believe that this court can say, as a matter of law, that mere knowledge that water is on a tile floor without more is the notice of and a compensation of, the danger involved in walking on the particular floor. There is a difference between mere knowledge of a defect and full appreciation of the risk involved. *Burns v. Great A. & P. Tea Co.*, 105 Ga. App. 823 (125 SE2d 687); *Scott v. Rich's, Inc.*, 47 Ga. App. 548, 551 (171 SE 201).

We are not concerned in this case solely with the question of maintenance as was the court in *Hill v. Davison-Paxon Co.*, 80 Ga. App. 840 (57 SE2d 680); *Lebby v. Atlanta Realty Corp.*, 25 Ga. App. 369 (103 SE 433); *Maloof v. Blackmon*, 105 Ga. App. 207 (124 SE2d 441); *Bessman v. Greyhound Bus Depot of*

*Atlanta,* 81 Ga. App. 428 (58 SE2d 922) ; *McCrory Stores Corp. v. Ahern,* 65 Ga. App. 334 (15 SE2d 797). "The presumption of the law is that the owner of a lot is acquainted with the condition of his own property, if a natural person, and if an artificial one, that it has such knowledge through its agents and employees." *Nelson v. Central R. &c. Co.,* 48 Ga. 152. And "In case of defective construction, notice to the landlord or occupier is conclusively presumed." *Tybee Amusement Co. v. Odum,* 51 Ga. App. 1 (1b) (179 SE 415). Charged with this knowledge that the tile floor would get slippery when wet, was the defendant in the exercise of ordinary care when it permitted water to remain on such a floor for several hours? The majority opinion appears to be based on the premise that as long as it rains, the landlord or occupier of premises, is free from the exercise of ordinary care for condition of his premises due to slick conditions caused by wet floors. We ask, how about protracted rains?

No one thinks that landlords should continuously mop under all conditions, but we maintain it is a jury question, and not one of law, as to what precautions were necessary under the facts of this case, for defendant to have been in the exercise of ordinary care required of him. The allegation that said water remained on the floor for "several hours" was equivalent to alleging that it had existed for at least two hours. See *Belk-Gallant Co. v. Cordell,* 107 Ga. App. 785 (131 SE2d 575), and *American Legion Dept. v. Simonton,* 94 Ga. App. 184 (94 SE2d 66).

This "smooth tile which became slippery when wet" was at an entrance way. The question as to whether or not this type of tile should have been used at this place was a question of fact and not of law. I believe that the common knowledge as discussed in the majority opinion should state that though tile is an accepted building material, some of them may be so finished or constructed as to at least make it a question of fact as to where and how they should be used. The question is not whether this court should take judicial notice that tile is an accepted building material, but rather whether or not this court should say as a matter of law that all tile is reasonably safe for entrance ways. To say they are all safe is, in my opinion, equivalent to saying "no dog will bite."

The case of *Holloman v. Henry Grady Hotel Co.*, 42 Ga. App. 347, 348 (156 SE 275) in which the court held that we should take judicial notice that marble was a proper substance for the construction of a stairway, and that even when polished was not naturally slick and dangerous, and the case of *Maloof v. Blackmon*, 105 Ga. App. 207, supra, in which it was held that brick was a proper material for construction, are distinguishable. There are many different tiles in existence, and one composed of material which becomes dangerously slippery when wet would fall under the ruling in *Cox v. Ray M. Lee Co.*, 100 Ga. App. 333, 338 (111 SE2d 246). In that case the court held that "while concrete may be manufactured so that it is not naturally slick and dangerous, this court cannot take judicial cognizance that such a slick and dangerous finish cannot be placed on concrete."

While it is true that "in cases of personal injuries, the plaintiff as a conscious human agent is bound to exercise ordinary care to avoid the consequences of the defendant's negligence, by remaining away, going away, or getting out of the way of a *probable* or known danger," *Mansfield v. Richardson*, 118 Ga. 250 (3) (45 SE 269), the mere *possibility* of sustaining a fall does not meet the requirements of this rule, and the statement in *Conaway v. McCrory Stores Corp.*, 82 Ga. App. 97, 101 (60 SE2d 631), to the contrary should not be followed. A plaintiff is not required to guard against possible or contingent calamity. *Western &c. R. Co. v. Ferguson*, 113 Ga. 708, 713 (39 SE 306, 54 LRA 802). Mere knowledge of a defect, even though patent, is not equivalent to the knowledge or comprehension of the risk or danger involved. *Glover v. City Council of Augusta*, 83 Ga. App. 314, 316 (63 SE2d 422). "An invitee is not obliged to inspect the premises to discover latent defects nor even to observe all patent defects." *Lane Drug Stores v. Brooks*, 70 Ga. App. 878 (29 SE2d 716). *Misenhamer v. Pharr*, 99 Ga. App. 163, 166 (107 SE2d 875). In *Banks v. Housing Authority of the City of Atlanta*, 79 Ga. App. 313 (53 SE2d 595), cited by the majority opinion, it appears that there was ice on steps. Certainly, anyone who walks on ice knows he is walking on a slippery and dangerous substance. It does not necessarily follow that water on a floor is as patently slippery and dangerous as ice.

The case of *Ford v. S. A. Lynch Corp.*, 79 Ga. App. 481 (54 SE2d 320) is, in our opinion, erroneously decided and unsound. This case was decided by a full bench of six judges, two judges dissenting. *Bessman v. Greyhound Bus Depot of Atlanta*, 81 Ga. App. 428, supra (citing *Banks v. Housing Authority of the City of Atlanta, Ford v. S. A. Lynch Corp.* and *Hill v. Davison-Paxon Co.*), is distinguishable from the present case in that the plaintiff in that case was guilty of contributory negligence such as would bar her recovery for the reason that she, as the plaintiff in the present case, could see the water and mud and (as is not true in the present case) "in walking thereupon in the manner that she alleges she did, in her anxiety to get out of the rain and inside the bus depot."

In our opinion, the petition sets forth a cause of action and the trial judge erred in sustaining the general demurrer to the petition.

I am authorized to say that Felton, C. J., Nichols, P. J., and Russell, J., join me in this dissent.