## 50234. RABORN v. RICHMOND COUNTY HOSPITAL AUTHORITY.

DEEN, Presiding Judge.

1. Pleadings, evidence, and all inferences arising therefrom are to be construed most strongly in favor of the party opposing the motion for summary judgment, the burden being on the movant to demonstrate the absence of any substantial issue of fact. *McCarty v. Nat. Life &c. Ins. Co.,* 107 Ga. App. 178 (1) (129 SE2d 408); *Ray v. Webster,* 128 Ga. App. 217 (196 SE2d 175).

2. Issues of comparative and contributory negligence are, except in plain and palpable cases, for jury determination. *Shirley Cloak &c. Co. v. Arnold,* 92 Ga. App. 885 (3), 890 (90 SE2d 622).

3. "Where the owner or occupier of premises fails to exercise ordinary care in keeping reasonably safe such premises for the use of those who go upon them as invitees, and where such an invitee is injured by a patent defect in such premises of which the injured party has no actual knowledge, it can not be held as a matter of law that such injured party was lacking in ordinary care in failing to observe the defect in time to avoid the injury." *Wynne v. Sou. Bell Tel. & Tel. Co.,* 159 Ga. 623, 624 (126 SE 388); *Chotas v. J. P. Allen & Co.,* 113 Ga. App. 731 (149 SE2d 527); and see *LaBranche v. Johnson,* 127 Ga. App. 244 (193 SE2d 228).

4. The plaintiff and two companions went to defendant hospital to see his daughter who was in the emergency treatment room with a broken arm. Disregarding acknowledged conflicts in the evidence on the defendant's motion for summary judgment, the plaintiff's affidavits and those of his companions state that a nurse offered to lead them to the daughter's room; the path to the room was blocked by a roll of carpet, but the nurse, according to one affidavit, indicated they should go on through, and one of the workmen, according to another, told them to proceed. Plaintiff stepped over the roll of carpet, but slipped on the other side on glue which had been spread by the workmen over the floor area beyond the roll; he slipped and fell, sustaining enumerated injuries. There was no other way to get into the room. After the plaintiff fell he saw that the slippery substance covered the entire floor area between the carpet roll and the room entrance.

We have carefully examined the cases and argument in the excellent briefs of the appellee, but cannot agree with the conclusion reached, which is that the defect was patent, the defendant's knowledge was not superior to that of the plaintiff, and the injured party failed to exercise ordinary care for his own safety. *Cash & Sane Drugs v. Drew,* 124 Ga. App. 721 (185 SE2d 786). However, knowledge of a defect is not necessarily

knowledge of the danger. The plaintiff saw and avoided the patent defect which was the rolled-up carpeting in his path. The mere fact that a secretary of the defendant deposed by affidavit that *she* "could see a shiny liquid substance on the uncarpeted area on the other side of the roll" and that *she* heard "clear and audible warnings from the workmen" will not prevail on summary judgment over the plaintiff's sworn statement that he did not see the liquid or hear the warnings. Further, we are not informed what the warnings were; they might have been merely statements to watch out for the carpeting. "Ordinarily, and in the present case, the court cannot decide as questions of law the facts upon which the plaintiff could be precluded from recovery. *Cooper v. Anderson,* 96 Ga. App. 800, 801, supra [(101 SE2d 770)]." *Johnson v. Thompson,* 111 Ga. App. 654, 658 (143 SE2d 51). For this reason we must decline to apply here cases cited by the appellee, including *Wade v. Roberts,* 118 Ga. App. 284 (163 SE2d 343); *Gibson v. Consolidated Credit Corp.,* 110 Ga. App. 170 (138 SE2d 77); *Smith v. Bel-Arbor,* 121 Ga. App. 739 (175 SE2d 146), *McGeeney v. Robertson,* 102 Ga. App. 318 (116 SE2d 252) and others.

Under these circumstances a jury question is presented as to what negligence and whose negligence was the proximate cause of injury. It was error to grant the defendant's motion for summary judgment.

*Judgment reversed. Evans and Stolz, JJ., concur.*

ARGUED FEBRUARY 11, 1975 — DECIDED MARCH 4, 1975.

*Lester, Lester & Flynt, David S. Wilkin,* for appellant.

*Hull, Towill, Norman, Barrett & Johnson, David E. Hudson,* for appellee.