**THIRD DIVISION**
**ELLINGTON, P. J.,**
**ANDREWS and RICKMAN, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**March 24, 2017**

# In the Court of Appeals of Georgia

A17A0182. DIAZ v. METROPOLITAN ATLANTA RAPID TRANSIT AUTHORITY.

ANDREWS, Judge.

Dinora Diaz slipped and fell while walking across a parking deck owned by the Metropolitan Atlanta Rapid Transit Authority (MARTA). Diaz sued MARTA claiming that injuries she suffered as a result of the slip and fall were proximately caused by MARTA's negligent failure to discharge the duty imposed under OCGA § 51-3-1 to exercise ordinary care to keep the parking deck safe for her as an invited customer. Diaz appeals from the trial court's order granting summary judgment in favor of MARTA. For the following reasons, we affirm.

While walking across the ground floor of the MARTA parking deck to catch a train, Diaz slipped and fell in water on the floor. It had been raining the day prior

to the fall, and it was raining when she fell. Photographs of the area where Diaz fell showed a pedestrian walkway across the concrete floor located on the covered first floor of the parking deck a few feet from the side of the deck which was open to the elements. According to Diaz, this was the path she and other pedestrians took when entering from outside the parking deck. Diaz testified at her deposition that the entire floor of the parking deck was wet, and that the place where she slipped was "puddled" or "more wet" than other areas of the floor. Diaz could not see the water she slipped in, but she saw that the place where she slipped appeared to be darker than other spots. According to Diaz, "[t]hat part it looks like the weather was [*sic*] been there for days or I don't know because there was, like, dark – darker spot." Diaz was unable to say that the water she slipped in was of any particular depth, just that it was enough to get her clothes wet. After her deposition, Diaz filed an affidavit stating that "[t]he water on the ground appeared to have stained as if it had been there for a long time," and that "[t]he concrete around the water appeared as if it had stained due to puddling in that area over a period of months or even years." MARTA's chief engineer testified that he inspected the area where Diaz fell and confirmed that the concrete appeared to be discolored. But he said the discoloration could not have been caused by standing water because the floor was designed and

2

constructed with a slope which drained water and prevented puddling, and there had been no puddling problems in the parking deck since it was constructed. The engineer conceded that, when it is raining, rainwater can get on the pedestrian walkway adjacent to the open side of the deck, but he said the sloped floor design prevented any puddling of the rainwater. On cross-examination by Diaz, the engineer testified that there was no basis for any claim that water had somehow accumulated on the floor of the parking deck by wicking up from underneath the deck through the concrete floor. The senior liability adjuster for MARTA testified that there had been no other slip and fall incidents at the parking deck.

Having invited Diaz to enter its parking deck premises for a lawful purpose, MARTA was liable in damages to Diaz "for injuries caused by [its] failure to exercise ordinary care in keeping the premises and approaches safe." OCGA § 51-3-1. "While not an insurer of the invitee's safety, the owner/occupier is required [under OCGA § 51-3-1] to exercise ordinary care to protect the invitee from unreasonable risks of harm of which the owner/occupier has superior knowledge. *Lau's Corp. v. Haskins*, 261 Ga. 491 (1) (405 SE2d 474) (1991)." *Robinson v. Kroger Co.*, 268 Ga. 735, 740 (493 SE2d 403) (1997).

3

To prevail on a motion for summary judgment [under OCGA § 9-11-56], the moving party must demonstrate that there is no genuine issue of material fact and that the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law. The moving party may carry this burden either by (1) presenting evidence negating an essential element of the nonmoving party's claim, i.e., affirmatively disproving the element with evidence which makes it impossible for the nonmoving party to prove the element at trial; or (2) demonstrating an absence of evidence to support an essential element of the nonmoving party's claim. If the moving party discharges this burden, the nonmoving party cannot rest on its pleadings, but rather must point to specific evidence giving rise to a triable issue. On appeal, we review de novo the trial court's ruling on a motion for summary judgment, construing all facts and reasonable inferences therefrom in the light most favorable to the nonmovant.

*Parks v. Multimedia Technologies, Inc.*, 239 Ga. App. 282, 286-287 (520 SE2d 517) (1999) (citations and punctuation omitted); *Lau's Corp.*, supra.

Applying these principles, we conclude that MARTA was entitled to summary judgment on Diaz's premises liability claim under OCGA § 51-3-1 because the record shows as a matter of law that the water on the parking deck floor which caused the slip and fall was not a hazardous condition on the premises which created an unreasonable risk of harm. The facts showed that it was raining on the day prior to the slip and fall and at the time of the slip and fall, and that Diaz knew about the rain and knew the entire parking deck ground floor was wet with water, including the pedestrian walkway area where she slipped in water and fell. This area ran directly

4

adjacent to the open side of the deck, and, as Diaz acknowledged, was on a path taken by her and other pedestrians entering from outside the parking deck. The facts support the conclusion that Diaz slipped and fell in rainwater on the floor of the parking deck in a location where she should have reasonably expected to find rainwater present.

> While [Diaz] was exposed to some risk of harm by reason of the water accumulation on the floor, it was neither unusual nor unreasonable. Rather, it was one to which all who may go out on a rainy day may be exposed and which all may expect or anticipate . . . [A premises owner] should not be held [liable] if an injury results from an ordinary or usual risk which, in the light of the weather conditions, could not be classed as unreasonable. To do so would make him an insurer of the safety of his invitee, and that is not and should not be the law in this State.

*Gibson v. Consolidated Credit Corp.*, 110 Ga. App. 170, 177-178 (138 SE2d 77) (1964); *Colbert v. Piggly Wiggly Southern*, 175 Ga. App. 44, 45 (332 SE2d 304) (1985). It is common knowledge that, when it is raining, an area like the pedestrian walkway where Diaz slipped and fell – an area adjacent to an open side of the parking deck and used by pedestrians entering from outside the deck – will be wet with rainwater falling or blowing onto the floor or tracked onto the floor by rain-wet pedestrians, and that a rain-wet floor is a slip and fall hazard. *Gibson*, 110 Ga. App. at 172-174. "It is not the duty of persons in control of such [premises] to keep a large

5

force of moppers to mop up the rain as fast as it falls or blows in, or is carried in by wet feet or clothing or umbrellas. . . ." Id. at 174, 176-177.

Although Diaz testified that the pedestrian walkway where she slipped and fell appeared to be more wet that other areas of the parking deck, she could not identify any particular depth of the water she stepped in, and she produced no evidence that the accumulation of rainwater in that area was unusual, abnormal, or unexpected given the location of the walkway and the weather conditions. MARTA produced evidence that no unusual puddling or accumulation of water occurred in the parking deck, which was designed and constructed with a slope to promote drainage and prevent such puddling. The record showed that no slip and fall of any kind had occurred in the parking deck prior to Diaz's slip and fall. The affidavit that Diaz filed after her deposition, stating that the stained spot on the concrete floor showed she slipped and fell in water puddled for a period of months or years, was unsupported speculation and was refuted by the testimony from the MARTA engineer. Uninformed "speculation which raise[s] merely a conjecture or possibility [is] not sufficient to create even an inference of fact for consideration on summary judgment." *Brown v. Amerson*, 220 Ga. App. 318, 320 (469 SE2d 723) (1996). There was no evidence to support Diaz's suggestion that she slipped in water which had

6

wicked up through the concrete floor and posed a hazard creating an unreasonable risk of harm.

To impose liability on a slip and fall claim under OCGA § 51-3-1, the threshold requirement is proof of a hazard on the premises which created an unreasonable risk of harm – in the absence of such proof, the claim fails at the threshold. *Drew v. Istar Financial, Inc.*, 291 Ga. App. 323, 325 (661 SE2d 686) (2008); *Robinson*, 268 Ga. at 740; *Lau's Corp.*, 261 Ga. at 492. Because there was no evidence that the rainwater hazard on the MARTA premises created an unreasonable risk of harm, MARTA was entitled to summary judgment.

*Judgment affirmed. Ellington, P. J., concurs. Rickman, J., concurs in judgment only*.